FANNIE S. FRAME ET AL. v. W. W. WHITAKER ET AL.

No. 5245. Decided February 18, 1931.
(36 S. W., 2d Series, 149.)

54

*T. H. Ridgeway,* for plaintiffs in error.

The will of David A. Frame which bequeathed to his wife Fannie S. Frame the land covered by the oil and gas lease under consideration, to be used by her during the term of her natural life, and granting to her the power to dispose of said land by will to whomsoever she may desire, vested in her a fee simple title to an undivided five-sixths interest in said land. Westerman v. Rastetter, 267 S. W., 180; Brown v. Bryant, 44 S. W., 399; Pearce v. Carrington, 124 S. W., 469; Lacy v. Floyd, 87 S. W., 665; Hunting v. Jones, 183 S. W., 860; Crist v. Morgan, 219 S. W., 276.

Betty Lu Frame having been born after the execution of the will by her father and before his death, and there being five other living children of the said David A. Frame at the time of his death, she inherited an undivided one-sixth interest in his estate, regardless of the will. Article 8229. Vernon's Statutes, 1925 Revision. Morgan v. Devenport, 60

Texas, 231; Pearce v. Pearce, 134 S. W., 210; Parker v. Swain, 223 S. W., 231.

There being no debts that could be charged against the minor's one-sixth interest in the land, the independent executor of the will of David A. Frame never had any control over, or right of possession of the land. Russell v. Adams, 293 S. W., 264 (affirmed Sup. Ct.), 299 S. W., 889 Stiles v. Hawkins, 207 S. W., 94; Garmany v. Schulz, 285 S. W., 911.

*Huson & Huson,* for defendants in error.

A devise of land for the natural life of the devisee, without power of disposition during life time, but with power of disposition by will, does not vest a fee simple estate in devisee, but only a life estate coupled with power of disposition by will. The owner of a life estate in and to the surface estate cannot alone maintain an action against a lessee in an oil and gas lease to remove cloud from title, and the owners of the mineral estate, i. e. the heirs at law, or residuary legatee of the testator, are necessary parties to such an action. Thompson on Real Property, vol. 3, p. 265, sec. 2213; Thornton's Oil & Gas (4th Ed.), vol. 2, p. 1688; A. & E. Ency. Law (2d Ed.), vol. 6, p. 156; Corpus Juris, vol. 21, p. 940; Cyc.; vol. 11, p. 1223, vol. 32, pp. 1328-1343; Ency. Pl. & Pr., vol. 17, pp. 276-295-300-301; Ruling Case Law, vol. 5, pp. 648-652, vol. 17, pp. 624-625; Armstrong v. Willson, 109 S. W., 955; Chinn v. Taylor, 64 Texas, 385; Masterson v. Pullen, 207 S. W., 537; Mayfield v. Muzquiz, 1 U. R. C., 223; Whitaker v. Surtees, 248 S. W., 432.

The owner of a life estate in and to the surface estate cannot alone maintain an action against a lessee in an oil and gas lease to remove cloud from title, and the owners of the mineral estate, i. e., the heirs at law, or residuary legatee of the testator, are necessary parties to such an action. Comyns Digest, vol. 1; Corpus Juris, vol. 9, p. 1225, vol. 21, pp. 940, 980, 981; Ruling Case Law, vol. 17, pp. 624-625; Ency. Pleadings & Practice, vol. 15, p. 565, vol. 20, p. 701, vol. 18, p. 796; Black, Cancellation & Rescission (2nd Ed.), vol. 2, p. 1304; Bailly v. Trammell, 27 Texas, 325; G. H. & S. A. Ry. Co. v. McCray, 43 S. W., 275; Monday v. Vance, 32 S. W., 559; Hurst v. Knight, 164 S. W., 1072; Perkins v. Terrell, 214 S. W., 551; Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1069.

Upon the death of a testator, the title to real estate passes to the legatees and devisees under the will, or heirs at law, subject to the debts due by the estate, and where there are debts due and an executor is qualified and acting, such executor is the proper person to bring an action to cancel an oil lease on and remove cloud from title; and the heirs at law, legatees and devisees cannot maintain such a suit independent of such executor, unless it is shown that such executor refused to bring the action, and that unless same is brought the estate will suffer irreparable injury. R. C. S.,

1925, arts. 3314, 3531, 3689; Cyc., vol. 40, pp. 2060, 2072, 2073, 1878; Corpus Juris, vol. 24, pp. 134-563; Ruling Case Law, vol. 5, p. 652; Simkins on Estates, p. 749; Thornton Oil & Gas (4th Ed.), vol. 2, p. 1688; Giddings v. Steele, 28 Texas, 732 (747); Lee v. Turner, 71 Texas, 264, 9 S. W., 149; Moore v. Lumberman's Reciprocal Assn. (Com. App.), 262 S. W., 472; Canfield v. Newman, 265 S. W., 1052; Whitaker v. Surtees, 248 S. W., 432.

MR. COMMISSIONER RYAN delivered the opinion of the court.

This suit was brought by Fannie S. Frame, for herself, and as guardian of her minor child, Betty Lu Frame, against W. W. and G. W. Whitaker, to cancel a certain oil and gas lease of a portion of their home tract of land, executed on October 17, 1918, by D. A. Frame and Fannie S. Frame, his wife, to the Whitakers and C. V. McBeth, the latter having assigned his interest in the lease to W. W. Whitaker.

David A. Frame died testate on May 1, 1925, leaving surviving, his wife, Fannie S. Frame (to whom he was married on January 29, 1907), the child Betty Lu, born December 19, 1922, and five grown children of a previous marriage.

The child, Betty Lu, was born after the will was executed on May 5, 1907, and was not provided for therein, and therefore succeeded to the same portion of her father's estate as she would have been entitled to had he died intestate. Article 8292, Rev. Stat., 1925.

It was alleged in the petition that under the terms of her deceased husband's will, the property involved herein was bequeathed to Fannie S. Frame, but Betty Lu perforce the statute is the owner of an undivided one-sixth interest therein and said Fannie S. Frame is the owner of the remaining five-sixths interest.

Fannie S. Frame is the duly qualified and acting guardian of the estate of her child Betty Lu, and such guardianship was and is still pending in the county court of Bexar county. Alleged failure to comply with the lease contract on the part of the Whitakers was made the basis of the cancellation sought.

When the lease was executed and at his death the land was the separate property of D. A. Frame.

It was also alleged in the petition that Fannie S. Frame has executed a will, as she has the right to do under the will of D. A. Frame, deceased, in which she has bequeathed the land in question to her daughter, Betty Lu.

The defendants filed a general and twenty-two special exceptions to the petition and an elaborate answer covering some ten pages of the transcript; the exceptions were overruled by the trial court. The defendants also filed pleas to the jurisdiction and in abatement, which were sustained by the court, the effect of which is to hold that E. W. Frame, the

independent executor of the will of his father D. A. Frame, is a necessary party plaintiff and that Mrs. Fannie S. Frame and daughter are without power to bring the suit unless joined by the executor. The cause was thereupon dismissed at the plaintiffs' cost, but without prejudice to the rights of the executor or legal representatives of the estate of D. A. Frame, deceased, to action on the same subject matter.

It was alleged and shown that E. W. Frame qualified and is the acting independent executor under the last will and testament of D. A. Frame, deceased, which was duly established and probated in the county court of Bexar county, and that he has refused, through his attorneys, to join in this suit.

The trial court's judgment of dismissal was affirmed by the Court of Civil Appeals. 7 S. W. (2d) 140.

The will of D. A. Frame, as probated, after the usual revocatory clause as to any and all previously made testamentary dispositions of his estate, and the requirement that his just debts be paid, devises to his wife in the second clause as follows:

"SECOND—I give, devise and bequeath to my wife, Mrs. S. F. Frame, my farm located in Bexar County, Texas, and consisting of about 331 acres located on the Medina River and known as a part of the old Stanfield Farm to be used by her during the term of her natural life, but she shall not sell or dispose of the same in any way during her life time, provided however that she may dispose of the same by will to whom-so-ever she may desire; and I also give to my said wife all of the stock consisting of cattle and horses and any and all animals, also all farming utensils, furniture and other property located upon said farm at the time of my death there being no restriction what-ever in her handling and disposing of the same as she may see proper, the above restriction applying to real estate only."

And to four of his grandchildren as follows:

"THIRD—I give, devise and bequeath to each of the following named grand-children the sum of Five Thousand Dollars, ($5,000.00) namely: Jennie Smith, daughter of Mrs. Kate Smith, Five Thousand Dollars, ($5,000.00), Carl Yakey, son of Hattie Yakey, Five Thousand Dollars, ($5,000.00), Fred Bowers, son of Susan Bowers, Five Thousand Dollars, ($5,000.00), Ralph Frame, son of O. R. Frame, Five Thousand Dollars, ($5,000.00). The above amounts shall be paid in cash to each of said four grandchildren or their legally qualified guardian, by my executor here-in-after named as soon as the same can be realized out of cash or property which I may have upon hand at the time of my death, or to which I may be entitled, provided however that none of the property given to my said wife shall be taken to pay said legacies."

And to his son, E. W. Frame, residuary legatee, as follows:

"FOURTH—All of the residue of my property remaining after the

foregoing legacies have been paid I give, devise and bequeath to my son E. W. Frame."

E. W. Frame was appointed independent executor and trustee, as follows:

"SIXTH—Having full confidence in my son E. W. Frame, I hereby nominate, constitute and appoint him sole independent executor and trustee of this my last will and testament and of my said estate and it is my desire that he shall act and be independent of the Probate Court and of all other Courts and that he shall not be required to give any bond or any security whatever for carrying out this trust and no action shall be had in the Probate Court, or in any other Court except to probate this my last will and testament and to file an inventory of my estate."

In order to decide the question of parties, it is necessary to construe the above will and ascertain what title vested in Mrs. Fannie S. Frame, to the land in question, under the provisions of the will. If she took only a life estate, with power to dispose of same by will, then E. W. Frame, individually, as residuary legatee, (in case she should not so dispose), would be a necessary party to the suit. The fact that she has already made a will does not alter this, as she may revoke or destroy such will at any time. If E. W. Frame is a necessary party and refuses to join as a plaintiff, he should be made a party defendant.

In construing wills, the intention of the testator must be ascertained, if possible, and if it is not in contravention of some established rule of law or public policy, must be given effect. Haring v. Shelton, 103 Texas, 11, 122 S. W., 13; Laval v. Staffel, 64 Texas, 372; Brooks v. Evetts, 33 Texas, 732; Bell County v. Alexander, 22 Texas, 351, 73 Am. Dec., 268; 40 Cyc., 1386.

All its provisions must be looked to for the purpose of ascertaining the real intention of the testator, and if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intent, must yield to the intention manifested by the whole instrument. McMurry v. Stanley, 69 Texas, 227; Darragh v. Barmore, 242 S. W., 714 (Com. App.); 29 R. C. L., 204.

We think that when this will is considered and construed as a whole it discloses the purpose and intent of the testator to convey to Mrs. Frame a fee simple title with a restriction that she should not sell it during her life time. The will recites: "I give, devise and bequeath to my wife * * * my farm consisting of about 331 acres located on the Medina River and known as a part of the old Stanfield Farm." This, clearly, if no other provision had been inserted, would vest the fee simple title in her. The will, from the language following, evidences the intent on his part that it was only her right to sell or dispose of it during her life time, which the testator had in mind when he provided "but she shall not sell

or dispose of the same in any way during her life time"; he follows this by authorizing her "to dispose of the same by will to whomsoever she may desire."

The will, then, in the same clause, devises to her certain described personal property, "there being no restriction whatever in her handling and disposing of the same (meaning the personal property), the above restriction applying to real estate only."

In the next clause of the will there is devised $5,000 each to certain named grandchildren, provided that none of the property given to the wife shall be taken to pay the legacies to them, and in the fourth clause it is provided that all the residue of the testator's property after the foregoing legacies are paid, shall go to the son, E. W. Frame.

The opening paragraph of the will expresses a clear purpose of the testator to dispose of his entire estate and not to die intestate with reference to any part thereof.

We think that, when this will is viewed and construed in its entirety, it clearly evidences the purpose to convey the fee simple title to the land to Mrs. Frame and the attempt to restrict her right of alienation during her life time is futile. She is expressly given the right to dispose of the property in question by will.

The clause in regard to her using same during her life time is in the same sentence with the attempted prohibition against sale, and the testator used this language of prohibition as a part of the restriction against sale and not for the purpose of creating a life estate as such.

When the prohibition against disposition during life time and the provision giving the right to dispose by will are considered together, it is evident that the testator intended to provide a restriction against the alienation (during her life time) of property that he had given her. Such a restriction would be void even if it applied only to a life estate. Laval v. Staffel, 64 Texas, 370; Bouldin v. Miller, 87 Texas, 359, 28 S. W., 940; Hamilton v. Jones, 32 Texas Civ. App., 598, 75 S. W., 554.

Article 1291, Rev. Stat., 1925, provides that "every estate in lands which shall hereafter be * * * devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been * * * devised by construction or operation of law." Chief Justice Gaines, in Seay v. Cockrell, 102 Texas, 280, 115 S. W., 1160, held that, if, in the will there considered, a fee simple estate was conveyed, a provision that the devisee shall not sell is clearly void, and if only a life estate was conveyed, the clause restricting its alienation is equally void.

As it does not so clearly appear from the language of the will that a less estate was intended to be created, the devise will be deemed to be in fee simple. May v. Townsite Co., 83 Texas, 502, 18 S. W., 959;

Darragh v. Barmore, 242 S. W., 714 (Com. App.); Diamond v. Raton, 58 Texas Civ. App., 263, 124 S. W., 196; 28 R. C. L., 316.

In this connection, we do not intend to intimate that an estate in land cannot be conveyed or bequeathed for life only, with authority on the part of the devisee or grantee, to sell or bequeath by will, and with remainder over to a particular person if such devisee or grantee fails to convey or bequeath by will; that such may be done is settled by the authorities. Weir v. Smith, 62 Texas, 1; Young v. Campbell, 175 S. W., 1100 (writ of error refused).

We hold simply, that in this case, when the will is viewed and considered from every angle, it indicates the purpose and intent on the testator's part to devise the land to his wife and then restrict her right of alienation, and that such clause of restriction is void.

It follows that whether Mrs. Frame dies testate or intestate with reference to this land, E. W. Frame has no contingent remainder interest therein and therefore individually is not a necessary party to this suit.

Neither is he, as independent executor, a necessary and indispensable party hereto. The record and the findings of the Court of Civil Appeals show that there are no debts due by the estate to any person whomsoever.

It is contended that Mrs. Frame is asserting a claim for $5,000 by reason of the following instrument, viz:

"April 19, 1922.

"I promise to pay my wife on condisionary the sum of Five Thousand ($5000.00) Dollars providing she stays with me while I live and take care of things as she always has done; this note not due for six months after my death and to bare no interest untill due. This note to have no lean on my property I have or may have while I live, Providing that my wife should die before me this note will become due to her father Curtis Stanfield. This 20 April, 1922.

"(Signed) D. A. Frame",

which it is claimed is either a codicil to the will or a valid obligation against the estate, and therefore this land or a part thereof would be liable for the payment thereof.

We held in No. 5459, E. W. Frame, Executor v. Fannie S. Frame, 120, Texas, 61, 36 S. W. (2d) 152 (this day decided), that no obligation thereunder exists and such instrument is valid for all purposes as a claim against the estate of D. A. Frame; therefore it furnishes no reason why the executor, as such, should administer on this land or have any control over it.

Mrs. Frame and Betty Lu Frame, a daughter born after the execution of the will, took the title to the land as soon as D. A. Frame died. Article 3314, R. C. S., 1925.

We have carefully examined the pleadings and statement of facts, and we can discover no reason why E. W. Frame, either individually or as

executor, is a necessary party to this suit, either as plaintiff or defendant. He has no interest in the land individually, and can have none, and there is no pleading or proof that would show that creditors' rights can be affected either directly or indirectly by the result. Under such a state of the record, Mrs. Frame, and her daughter who was born after the making of the will, and who is pretermitted therein under article 8292, own the entire fee in this land and they have the right, as such owners, to prosecute a suit to forfeit and annul the lease in question.

The judgments below are reversed and the cause remanded to the district court for another trial.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.