### McNABB v. CRUZE et ux.

No. 3464.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Rehearing Denied Feb. 25, 1937.

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for plaintiff in error.

Fred C. Knollenberg, of El Paso, for defendants in error.

WALTHALL, Justice.

This case involves the construction of the last will of J. T. McNabb, who died in Tennessee on March 18, 1930. His survivors were his wife, Elizabeth McNabb, plaintiff in error, and his children, namely, James, Paul, Essie, and Mamie Cruze, wife of James Cruze; the last named two being the defendants in error. All of the children are adults. The will involved here was admitted to probate.

After providing that his debts be paid, the only items in the will involved in this suit are items 2 and 5. They are as follows:

"Item 2. I desire that my wife Elizabeth have full control of all my property, both real and personal, during her natural life, with full enjoyment and possession of same."

Item 5 of the will is as follows:

"Item 5. I hold one note against Paul McNabb and one note against James Cruze. The note against Paul is for $500.00, and the note against Jim Cruze is for $10,000.00. The valuation I place on the home farm that I desire my son James and my daughter Essie to have is $7,500.00 each, and the house and lot I devise to my son Paul I value at $3000.00. Now in order to equalize the amount to each of my children, I desire that the note held against my son Paul be cancelled and delivered to him, and that James and Mamie Cruze pay to Paul McNabb the sum of $2000.00 out of the $10,000.00, and that when said sum of $2000.00 is paid to or secured to Paul, then the said note of $10,000.00 be cancelled and delivered to the said James Cruze. And further, that my son James and my daughter Essie pay to my son Paul the sum of $500.00 each, so as to equalize his part with all the others".

This suit was brought by plaintiff in error, Mrs. Elizabeth McNabb, against James Cruze and Mamie Cruze to recover the accrued interest claimed to be due her under item 2 of the will, and by trial amendment seeks to recover the principal of the $10,000 note, attorney's fee provided in the note, and costs.

James McNabb was named in the will as executor, and qualified as such. All of the debts were paid, and the executor delivered all the property of the estate to Elizabeth McNabb, including the $10,000 note referred to, signed by James and Mamie Cruze.

James and Mamie Cruze defend on the ground that they have paid to Paul the $2,000 provided in item 5 of the will, and that they are entitled to have the note canceled and delivered to them. The evidence shows that they have paid to Paul the $2,000.

## Opinion

There is no controversy in the evidence, and the only issue we will discuss is whether Mrs. Elizabeth McNabb is entitled to recover of James and Mamie Cruze the accrued interest on the $10,000 note under item 2 of the will, or whether under item 5 of the will, defendants in error, having paid the $2,000, they are entitled to have the note canceled and delivered to them free of any interest claimed by Elizabeth McNabb. In other words, and more briefly stated by attorneys for plaintiff in error: Does Elizabeth McNabb have a life estate in the $10,000?

Under other items of the will not copied here, but considered in connection with items 2 and 5, the testator disposed of certain of his real estate, dividing and devising the estate to his sons James and Paul, and to his daughter Essie, all of his "home farm," and his "house and lot in Knox-

ville." In item 5 of his will the testator places a valuation on each part of the "home farm" as divided, and on the "house and lot in Knoxville," as expressed in item 5, "in order to equalize the amount to each of my children."

Without quoting the evidence, it shows that the property mentioned in the will embraced the entire estate, except some household furniture in the house on the home farm where plaintiff in error now lives, some milk cows, and some farm implements. The evidence does not show an inventory of the estate, if any was ever made.

It is submitted that item 2 of the will expressing the desire of the testator that his wife, Elizabeth, have full control of all the property of the estate, both real and personal, during her natural life, with full enjoyment and possession of same, is inconsistent with that part of item five expressing the desire of the testator that when James and Mamie Cruze have paid to Paul McNabb the sum of $2,000 out of the $10,000 note, the note is then to be canceled and delivered to James Cruze; it is contended that the construction of the second item of the will should be that Mrs. Elizabeth McNabb should have the interest maturing annually on the note during her natural life, and for which she sues, and that to now cancel the note and deliver it to James Cruze would deprive her of the interest on the note, and would be inconsistent with the desire of the testator expressed in item two of the will.

■ In construing a will, in order that effect may be given to the entire will as a whole, the instrument will be viewed in its entirety; that is, "from its four corners." Frame v. Whitaker, 120 Tex. 53, 36 S.W. (2d) 149; McMullen v. Sims (Tex.Com. App.) 37 S.W.(2d) 141; Kostroun v. Plsek (Tex.Com.App.) 15 S.W.(2d) 220; Bloch v. Woellert (Tex.Civ.App.) 90 S.W.(2d) 653. Every word, clause, and sentence will be considered and construed together. Dulin v. Moore, 96 Tex. 135, 70 S.W. 742.

Conversely, the rule is stated to be that a will should not be construed by looking separately at its parts. Frame v. Whitaker, supra. It follows that a will should be so construed, when possible, as to render the instrument and all its provisions consistent, Darragh v. Barmore (Tex.Com. App.) 242 S.W. 714, and harmonious, Martin v. Dial (Tex.Com.App.) 57 S.W.(2d) 75, 89 A.L.R. 571; Bittner v. Bittner (Tex.

Com.App.) 45 S.W.(2d) 148, and many other cases referred to in 44 Texas Jurisprudence, p. 710 et seq.

■ In Martin et al. v. Dial, 57 S.W. (2d) 75, 79, Judge Leddy, for the Commission of Appeals, said: "It is the general rule that where there is an irreconcilable conflict between two clauses of a will, the later clause will prevail as being the latest expression of the testator's intent," and referred to many cases in other jurisdictions as sustaining the holding, and to which we refer without noting them here.

■ Whatever construction can be put upon item 2 of the will, it is a general provision giving control of the estate to plaintiff in error during her natural life, with the right of its enjoyment and possession. Item 5 of the will is specific in its provisions, and expressly provides that when the $2,000 is paid to Paul, then the note is to be canceled and delivered to defendant in error. In Classen v. Freeman, 236 S.W. 979, 981, Judge Powell, of the Commission of Appeals, says: "It is an elementary principle of law that specific provisions of a will control its general provisions."

■ The instrument is testamentary in character, and the bequests therein made take effect and become the property of the beneficiaries immediately upon the death of the testator.

The $10,000 note given to James and Mamie Cruze is charged with the indebtedness of $2,000 in favor of Paul, and when that is paid, the note, free of any incumbrance, is then to be canceled and delivered to Cruze. In our opinion plaintiff in error never had any interest in, or right of control in, the note.

■ The trial was to the court without a jury. The judgment of the court was that plaintiff take nothing. The judgment recites that plaintiff in open court requested the judge to make and file his findings of fact and conclusions of law therein. The record does not show a compliance on the part of plaintiff in error with section 2247, as amended, Acts 1931, 42 Leg., p. 118, c. 76 (Vernon's Ann.Civ.St. art. 2247). No finding of facts or conclusions of law are found in the record. A statement of facts agreed to by the parties and approved by the trial judge is in the record.

Plaintiff in error submits error in the failure of the court to make the requested findings of fact and conclusions of law.

The only findings of fact or conclusions of law in the judgment are "that the law and the facts are with defendants, and the plaintiff is not entitled to recover against the defendants, or either of them."

We have reviewed many cases on the issue submitted. They are not in all instances harmonious. It would be of no benefit to review them here. The controlling issue presented in the pleadings is the construction to be given the will, discussed in the opinion. As we view it, there is no conflict in the evidence found in the statement of facts.

We have concluded that no prejudice has resulted to plaintiff in error from a failure of the court to file findings of fact and conclusions of law, and for that reason no reversible error is made to appear. Mauldin Drilling Co. v. Weyman (Tex.Civ.App.) 3 S.W.(2d) 585; Werner Stave Co. v. Smith (Tex.Civ.App.) 120 S.W. 247; Parker v. Stephens (Tex.Civ.App.) 39 S.W. 164; D. M. Osborne & Co. v. Ayers (Tex. Civ.App) 32 S.W. 73.

We have considered all of the propositions, and they are overruled.

The case is affirmed.