## TRIP v. TRIP et al.
## No. 11306.

Court of Civil Appeals of Texas.
San Antonio.

June 9, 1943.
Rehearing Denied July 7, 1943.

McClanahan & Loughridge and George R. Gillette, all of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal by Mrs. Mamie Trip from a judgment of the 45th District Court of Bexar County decreeing that she take nothing by reason of her trespass to try title suit for 101 acres of land, described in the petition as follows: " * * * being 101 acres, more or less, out of that certain 580 shares of land, more or less, owned and occupied during his lifetime by T. E. S. Trip, as his farm or ranch, the same being situated in Bexar County, Texas, located in the north end of Dolson Survey No. 10 and in the north end of the Najar Survey No. 9."

This suit while in the form of a trespass to try title action has the effect of calling for a construction and interpretation of the will of T. E. S. Trip, insofar as it related to his son Hans Trip. If Hans Trip under his father's will took the fee simple title to the 101 acres involved, then appellant, Mamie Trip, his wife and sole beneficiary and legatee under Hans' will should recover the land, but, on the other hand, if Hans did not during his lifetime so acquire such fee simple title appellant has no right of recovery.

Appellees in their brief state briefly the substance of the provisions of the will of T. E. S. Trip which are germane to this cause as follows:

"First: I dispose of all my separate estate — and all our community property. —

"Second: I appoint the San Antonio Loan & Trust Company Independent Executor of my estate and the trustee to manage and control my estate as hereinafter directed. —

"Third: My said Executor and Trustee shall immediately after my death take possession of all of my estate — (Gives various powers but prohibits the sale of his farm properties.)

"Fourth: (Plats his farm, states that it shall not be sold but shall be) divided among my sons Edward, Gustav, Hans and Alfred as hereinafter stated.

"Sixth: (Provides for the payment of all net income to his wife during her life with power on her part if she so desires to manage the farm during her life.)

"Seventh: (Names the children.)

"Eighth: and Ninth: (Directs the method of disposition after the wife's death, providing for the division into six parts and that) one of each of said shares shall go and I hereby give, will, devise and bequeath to each of my following named six children (naming them) subject to the conditions herein provided, and in the following manner:

"Tenth: (Provides for Edward.)

"Eleventh: (Provides for Gustav.)

"Twelfth: (Provisions for Alfred.)

"Thirteenth: After the death of my wife my son Hans shall have immediate use, possession and income of said 101 acres (describing it). However, he shall not have the right to sell or encumber the property in any manner until he arrives at the age of sixty years when he shall take fee simple title to said property. (Provision is then made for the handling of personal property apportioned to the Hans Trip share, with the delivery of one-half of the personal property to him at the age of forty and the other one-half of the personal property at the age of fifty.) If Hans should die without children before he arrives at the age of fifty years, so much of his share of my estate to which he has not up to the date of his death received fee simple title, shall revert to my estate. If he dies leaving a wife and child, or children, then the child or children shall receive all of his estate (provision for the widow to receive the revenue until the child or children arrive at the age of twenty-one years, after which they shall receive two-thirds of the revenue and the widow one-third until she dies or re-marries.)"

Appellant first contends that the trial court erred in holding that fee simple title to the land involved was not to vest in Hans Trip under the terms of the will of T. E. S. Trip, unless he lived to be sixty years of age. We overrule this contention. In division thirteen of the T. E. S. Trip will it is very carefully stated: "After the death of my wife my son Hans shall have immediate use, possession and income of said 101 acres (describing it). However, he shall not have the right to sell or encumber said property, in any manner, until he arrives at the age of sixty (60) years, * * *." If there had been no further language the matter might have been left in doubt as to whether the fee simple title was to pass to Hans with only a provision that he could not sell or encumber the same until he became sixty years of age, but the language of the will continues and says, "when he shall take fee simple title to said property," thereby removing all doubt as to when the fee simple title should vest. There is no other language in the will which could be construed as vesting the fee simple title in Hans at some earlier time. The language is clear and unambiguous and there can be no doubt that Hans was to be vested with the fee simple title to the 101

acres of land when he became sixty years of age and not before. Hans died before he reached the age of fifty years and therefore never acquired any rights in this land other than the use, possession and income thereof.

Appellant relies on such cases as Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, Diamond v. Rotan 58 Tex.Civ.App. 263, 124 S.W. 196, O'Connor v. Thetford, Tex.Civ. App., 174 S.W. 680. These cases are not in point. In those cases there was first a grant of the land in fee simple without restriction, while in a subsequent paragraph of the will there was an attempt to place a restriction upon the power of alienation by the legatee. Certainly such restrictions are void and ineffective. In the case at bar in no place in the will is there any language that can be regarded as passing the fee simple title to Hans at any other time than at the time he attains sixty years of age.

Division four of he will reads as follows: "Fourth: I attach a plat of my home farm and ranch near Macdona, in Bexar County, Texas, containing about five hundred and eighty (580) acres of land, and being out of the North end of Dolson Survey No. 10 and the North end of the Najar Survey No. 9. This real estate shall not be sold but shall be divided among my sons, — Edward, Gustav, Hans and Alfred, as hereinafter stated."

The phrase "as hereinafter stated" is significant.

In division nine we find the following language, to-wit: "Ninth: * * * and I do hereby, subject to the life estate of my wife, Jensine Caroline Trip, and subject to other conditions herein mentioned, give, will and devise * * * the remainder of the West part, being about one hundred and one (101) acres, to my son Hans."

Here again the phrase "and subject to other conditions herein mentioned" is important. When we read further into the will to ascertain what are these other conditions we find that the fee simple title is not to pass until Hans attains sixty years of age.

Appellant's second point is to the effect that the court should have held the restraint against sale of the land in question by Hans Trip until he became sixty years of age to be void. What we have said in reference to the first point necessarily disposes of this point unfavorably to appellant.

Appellant next complains of the ruling of the trial court that each child's one-third share should be treated separately, contending that the will should be construed to give the widow the entire income until the youngest child arrives at the age of twenty-one. The will does not specify whether the time shall be as of the arrival of the youngest child at twenty-one, or the arrival of the oldest at twenty-one. Under such circumstances each child's share should be treated separately. Any other rule would result in confusion.

The judgment, in keeping with the provisions of the will, provided as follows: "This judgment shall not affect the right of the plaintiff, Mamie Trip, who is the widow of Hans Trip, deceased, to receive the net revenues from the premises described in the petition, until Hans Trip's children have arrived at the age of twenty-one years, such right to terminate as to two-thirds (⅔) of one-third (⅓) of the net revenues as each of his three children arrives at the age of twenty-one, and to cease entirely in event of either the death or remarriage of the plaintiff, Mamie Trip."

There is no error in this provision of the judgment, and especially none of which Mamie Trip would be in a position to complain.

The judgment is affirmed.