**STRICKLAND et al. v. STRICKLAND.**

No. 4808.

Court of Civil Appeals of Texas.
El Paso.

June 27, 1951.

Rehearing Denied July 20, 1951.

Lang, Byrd, Cross & Ladon, John Hoyo, W. Pat Camp, Loughridge & Edwards, Marion R. McClanahan, and Bernard Ladon, all of San Antonio, for appellants.

Boyle, Wheeler, Gresham & Davis, J. D. Wheeler, R. N. Gresham, Richard T. Davis, C. B. Gregory, all of San Antonio, James & Powell, of Atlanta, Ga., for appellee.

SUTTON, Justice.

This appeal is from the 57th District Court of Bexar County. The appellee here, Mrs. Leonore Lucille Strickland, brought suit against Charlie Russ Strickland and other nephews and nieces of M. P. Strickland, and the National Bank of Commerce of San Antonio, Texas, as a Trustee, to construe the will of M. P. Strickland, her deceased husband.

M. P. Strickland duly executed his will October 10, 1939. He died May 24, 1946, and left surviving him his wife, appellee herein, and a son, M. P. Strickland, Jr., who was born October 6, 1929. The will was duly probated and the executors and trustees duly qualified and accepted the trust set up by the will. The surviving wife and son may be described as the primary beneficiaries under the will and trusts. M. P. Strickland, Jr., died December 31, 1948. This suit was filed October 5, 1949.

The will is quite lengthy, covering some seven pages of legal cap size paper, but it will serve no purpose to copy it in full. The First and Second paragraphs provided for the burial and payment of debts in usual terms; the Third gives, devises and bequeaths to the wife, as her absolute property, all personal effects, household furniture, all other articles of domestic and personal use, and any automobiles she may desire to retain, and in case she dies first then such property shall go to the child or children surviving. The Fourth paragraph declares there exists a community estate and a separate estate of the testator; that on his death the community estate be segregated from his separate estate and the wife be 'given" her share of the community, but that his one-half of the community and his separate estate "shall pass by and be controlled by the terms of this my last will and testament." In the Fifth paragraph it is provided: "I devise and bequeath my one-half of our community estate and all of my separate property, whether the same be real, personal or mixed, unto the Trustee hereinafter named and appointed for the benefit of my wife and child or children as provided for herein, * * *". (The remaining portions of the paragraph are regarded as of no consequence so far as the case is concerned). The Sixth paragraph appoints, "for the benefit of my wife and children", the National Bank of Commerce a Trustee, together with the wife, "and unto which Trustee my estate shall be devised and bequeathed under the terms hereof", and provides for a successor to the Bank. Paragraph Seventh is a long one, embracing a number of sub-divisions in one of which is found the controversial provision. The will declares that for the purpose of the trust the singular shall mean plural and plural singular for whichever condition exists at the time of the distribution of the trust estate.

The Trustees are given full, rather free, and comprehensive powers in the management of the trust estates. No question is presented in this connection. After the payment of all expenses incident to the care and management of the trust estates it is provided, "the said Trustee shall pay over and apply the net income, and hold, pay over and distribute the capital or principal of said trust estate to the beneficiaries hereunder as herein provided," continuing: "The Trustee shall deliver to and pay over unto my wife, Leonore Lucille Strickland, the net income from one-half of my separate estate only during such time as she shall be unmarried after my death", and in unmistakable terms providing that the same shall be paid to her at all times when she is unmarried though she may marry one or more times after his death, but at such times as she shall be married such income shall be held by the Trustee and become a part of the corpus of the trust estate and saying: "but said one-half of my separate estate shall always remain intact for such purpose until her death," and at her death the remaining balance of such trust shall revert to and become a part of the trust hereinafter set up for the benefit of his child or children. Then follows the provision setting up the trust for the benefit of the child or children in a separate sub-paragraph, which reads in part, "The net income from my one-half of our community estate and the other half of my separate estate shall be used by the Trustee as it deems meet and proper for the care, education, support and maintenance of my child,

M. P. Strickland, Jr.," and continues to provide should there be thereafter born to him or in conception at the time of his death a child or children, they should participate in said trust equally, but there were in fact no other children.

There is a provision that the payments to the beneficiaries of each trust be paid "in stipulated periods, as agreed upon, for the purposes above set out" but that any balance from the income remaining at the end of each calendar year shall be added to the principal of the respective estates and reinvested by the Trustee. The will then provides that M. P. Strickland, Jr., and any other child or children that might be thereafter born to him shall receive one-third of the trust estate set up for their benefit or all of the separate estate in the event of the death of his wife, at the age of 25; another one-third at the age of thirty and the remaining one-third at the age of 35, each successively if there should be more than one child.

The next provisions we copy as follows:

"In the event my said child, M. P. Strickland, Jr., and any other children born to me hereafter, die before reaching the age of thirty-five (35) years, without wife or children, his, her, or their interest in the trust estate shall pass to and be paid to, share and share alike, the surviving child or children under the terms and conditions hereof. But should my children or any of them leave children of their body, then I desire and direct that such grandchildren of mine shall partake under the terms of this trust in the same proportion that its or their parents would take and that distribution be made to said grandchild or grandchildren per stirpes. Should, however, there be no grandchild or grandchildren remaining before final distribution hereunder, then, I desire and direct that all the income and/or principal of my one-half of our community property and all my separate estate shall be paid to my wife, Leonore Lucille Strickland, under the terms hereof.

"Should, however, my wife, Leonore Lucille Strickland, and my child, M. P. Strickland, Jr., and all other children born to me hereafter, and all grandchildren, as above set out, be dead before any distribution under this will remains unpaid and there then be no beneficiaries hereunder, said trustee shall pay unto my then living nieces and nephews, per capita, all of the remaining estate held in its hands."

A paragraph follows here providing for distribution in kind and then a paragraph for "Payments to beneficiaries out of principal," saying: "It is understood and agreed that in addition to said payments of income hereinbefore provided for said trustee may, at any time and from time to time during said trust, pay to any of the said beneficiaries hereunder then entitled to receive income hereunder or apply for their use any part of the whole of that part of the trust estate then being administered for such beneficiary whenever and as often as in the absolute discretion of said trustee such payment or application be reasonably required for the proper care, education, support or maintenance of said beneficiary or beneficiaries * * *" which payments shall be charged to the share of the person for whose benefit the same is made.

As we have already noted, M. P. Strickland, Jr., died December 31, 1948, and he died without having been married and, therefore, without wife or children. It was and is the contention of the plaintiff below, and appellee here, that upon the death of the son, M. P. Strickland, Jr., without wife or children, there having been no other children born to the testator, under the last sentence of the first paragraph quoted verbatim, reading: "Should, however, there be no grandchild or grandchildren remaining before final distribution hereunder, then, I desire and direct that all the income and/or principal of my one-half of our community property and all my separate estate shall be paid to my wife, Leonore Lucille Strickland, under the terms hereof," as a matter of law terminated both trust estates and vested the whole of the estate of M. P. Strickland in fee simple immediately in the surviving wife, Leonore Lucille Strickland. Of course the defendants, other than the Bank, which is neutral, contend to the contrary. The trial court agreed with plaintiff and rendered judgment so construing the will. We are unable

to agree with this construction. It seems to be agreed, as it must have been, the will set up two separate trusts, one for the benefit of the wife and one for the child or children. The statement of facts before us is short and does not disclose the size of the estate, except the trial court found the separate estate was appraised at some two hundred thousand dollars. In connection with this finding plaintiff in her brief suggests, since the deceased was the principal owner of several prosperous and going business concerns and he and the plaintiff married for some 21 years the inference is justified the community estate was considerable. The record discloses Mr. Strickland was a man of wide experience and of affairs. The provisions of the will indicate clearly he was a careful man of experience, observant and of sound judgment. He had undoubtedly observed many times in his varied observations and experiences that property left to good and intelligent women and children in devious ways and manner melts away. Writing in the light of these observations, notwithstanding a considerable community half-interest owned by his wife, he took the care and precaution to provide the income from property appraised at One Hundred Thousand Dollars for the support, maintenance and comfort of his wife during her lifetime, thereby protecting against the possibility of the exhaustion of her community estate. And, as an afterthought which may be inferred from its position in the body of the will, knowing under some circumstances considerable sums of money are often times consumed, provided that the principal might be used if "reasonably required" for her proper care, support or maintenance. The termination of this trust, or its life, was definitely fixed, we think, by plain, unmistakable language, wherein it is provided "Said one-half of my separate estate (the one-half set up for the benefit of the wife) shall always remain intact for such purpose until her death." The purpose, as is disclosed by the terms thereof, was to provide an income therefrom for her. There are no limitations on the payment of the income to the beneficiaries under the trusts. The beneficiaries

get the income from year to year as it accrues. To vest this one-half immediately upon the death of the son would defeat in toto and absolutely the very purpose for which it was set up. It is true enough, as is said by plaintiff, in case of her death it is provided it becomes a part of the trust set up for the benefit of the child or children but there is no provision that it should terminate and vest absolutely if the child is not alive to receive it, or the other trust still alive, unless it be the provision relied upon by her and heretofore quoted.

Beyond question the testator anticipated and expected in the natural course of events the son would survive the Mother, but he did not regard it as a certainty, and provided for the possible contingency. The trust for the benefit of children is a bit more difficult of solution, but we think the primary purpose of the testator is apparent throughout the will. With respect to the wife he desired to make provision for her though her community interest disappear, and to make reasonably certain available to her an income until her death, and likewise reasonably certain a capital estate capable of earning a substantial income would remain intact until her death. Based upon his observations, which are the observations of all ordinary men, he wisely provided the time and opportunity for young men to become acquainted with and accustomed to the possession of considerable wealth and to learn how to handle and manage it, offering two opportunities to learn before it might all disappear, in case of some indiscretion or unwise judgment.

It is our conclusion, however, the provisions of the will are not ambiguous, nor the provision in controversy when read and considered in connection with all the other provisions, as it must be. The direction is, if there be no grandchild or grandchildren remaining before final distribution, "that all the income and/or principal of my one-half of our community property and all of my separate estate shall be paid to my wife, Leonore Lucille Strickland, under the terms hereof." The testator had anticipated and expected the income to meet all the reasonable needs of the beneficiaries and probably had in mind to limit the pay-

ments and contributions to the income and preserve in all events the principal or capital, but as a late thought made provision for payments and contributions to be made out of the principal, if reasonably required, to meet the purposes of the trusts. The provision, in our judgment, notwithstanding the respect which we entertain for the judgment and good sense of the eminent trial judge, simply directs the income from the trust set up for the children, in the contingency therein mentioned, be paid to the wife unconditionally, as the income is provided to be paid in each trust, or the payments made out of the principal, if reasonably required for her care, support or maintenance. It simply makes plain the income from all the separate estate shall be paid to her and not merely the one-half as originally provided. If it had been the purpose to vest the whole of the estate immediately in fee the mention of the payment of income would have been wholly useless. We think this plainly appears and entirely consistent with the very purpose of the trust set up for the wife's benefit and all the other provisions of the will, notwithstanding the use in such sentence of the unsatisfactory words "and/or" which in the humble opinion of the writer have no definite and plain meaning but require construction themselves.

The will as written and constructed justifies the inference it was not the product wholly of a lawyer with even ordinary experience in such matters, but indicates it largely came from the mind of an experienced and observant man of sound judgment and good sense. The testator beyond any doubt dominated the preparation of this rather unusual will. Had the testator intended under the contingency named to vest the fee title absolutely in the surviving wife and defeat the very purpose of a trust set up for her benefit he could have done so by the use of language clearly not a stranger to him.

It is not presumed a testator writes a useless and meaningless provision in a will, but that every provision has a purpose. It is thought when the testator wrote the provision for the benefit of the nieces and nephews he had in mind the possible happening of the contingency that did occur, that the child or children might predecease the mother without issue, and the distribution of the estate would occur on her death when there were neither children nor grandchildren to take. If this were not so then the only other contingency that could bring that provision into operation and give it a meaning would have been the simultaneous death of mother and child in the same accident, disaster or tragedy. It is believed this was not the thought. Of course, if our construction be a correct one the two trusts merged on the death of the son and the surviving wife will continue to be entitled to receive the income from the combined trusts during her lifetime, unless in the judgment of the Trustee on application of a portion of the principal shall be reasonably required for her care, support or maintenance.

A reasonable number of authorities are cited in the briefs. A clear purpose not to over-brief is demonstrated, but they are all to one effect and simply announced elementary rules of construction and the rules we think applicable to the question here presented. As has been said, there is no arbitrary or unbending rule applicable to the construction of wills, nor a set rule that will fit to the facts of every case, but each case must be decided largely on its own facts, because they normally differ on the facts. The elementary rules specifically applicable here, as we understand the case, are, the intention of the testator, if possible, must be ascertained from the instrument and given effect; and in ascertaining the real intention of the testator all the provisions of the will must be looked to and given effect if it can be lawfully done, and any particular paragraph or provision, which if considered alone might indicate a contrary intent, must yield to the intention manifested by the whole instrument. We have experienced no difficulty with the language used in the provision relied upon by plaintiff, but if it might indicate the intention contended for, then, we think, an application of the above rules can lead to no other conclusion than that reached by us. We cite only a few of many cases, McMullen v.

286

Sims, Tex.Com.App., 37 S.W.2d 141; Frame v. Whitaker, 120 Tex. 53, 36 S.W. 2d 149; Darragh v. Barmore, Tex.Com. App., 242 S.W. 714, and the cases cited in such authorities.

 It is our conclusion neither of the trusts have terminated and that plaintiff is not entitled to receive more than the income from the property embraced in each of the trusts, unless the use of some portion of the principal be reasonably required for the care, support or maintenance of the plaintiff, and the judgment of the trial court will be reversed and judgment here rendered construing the will in accordance with these conclusions.