**Margaret Alice WILKES, Appellant,**

v.

**Robert Leslie WILKES et al., Appellees.**

**No. 5077.**

Court of Civil Appeals of Texas, Waco.

Nov. 24, 1971.

Rehearings Denied Jan. 6, 1972.

Hultgren, Jewell & Kolb, Dennis E. Alvoid, Dallas, for appellant.

Marks, Time & Aranson, Don Black, Strasburger, Price, Kelton, Martin & Unis, Philip Kelton, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Margaret Wilkes from judgment denying her any interest in the Trust created by the will of Belle Shumard, deceased, dated February 11, 1922.

Plaintiff, surviving wife of Robert S. Wilkes, deceased, brought suit against Robert L. Wilkes, Gerald L. Wilkes, the Trustee Bank, and all persons interested in the Trust, for construction of such will, and asserting by virtue of her husband's will, a ⅙ interest in the net income of the trust, and a ⅙ interest in the corpus.

Trial before the court resulted in judgment plaintiff entitled to no interest in the net income of the Trust; that Robert L. Wilkes and Gerald M. Wilkes were entitled to ½ of ⅓ of the net income from the Trust; and that it was premature to pass on the rights of anyone to the corpus before termination of the Trust.

Plaintiff appeals contending the trial court erred:

1) In holding that under the terms of the Belle Shumard will, the interest acquired by Robert S. Wilkes, deceased, from his mother Virginia Wilkes, as to income of the Trust, was not a vested interest.

2) In holding that under the terms of the Belle Shumard will, the interest acquired by Robert S. Wilkes, deceased, from his mother, Virginia Wilkes, as to the corpus of the Trust, was not a vested interest.

3) In holding that Robert S. Wilkes, deceased, could not make a testamentary disposition of his interest in the income of the Belle Shumard Trust acquired from his mother Virginia Wilkes.

4) In holding that Robert S. Wilkes, deceased, could not make a testamentary disposition of his interest in the corpus of the Belle Shumard Trust acquired from his mother Virginia Wilkes.

Pertinent portions of the will follow:

"STATE OF TEXAS:

COUNTY OF DALLAS:

" * * That I, Mrs. Belle Shumard * * * make and publish this my last Will and Testament * * *.

"First: * * * I hereby appoint Dallas Trust & Savings Bank (now First National Bank) Executor and Trustee hereunder * * *.

"Fifth: I will, devise and bequeath unto my Executor and Trustee my Main Street, Dallas, Texas, property, * * * in trust for beneficiaries hereinafter named, for and during the life of my said son Malnor A., my three above named granddaughters, (Isabel Carden Griffith, Salina Carden Hulings and Carrie Carden Maxwell), and my said adopted daughter, (Virginia Wilkes) and until the death of the last survivor of them, and during the period of the trust the trustee shall have full power and possession, control and management of this property * * * and the net revenues thereby derived shall be distributed among the beneficiaries as hereinafter provided.

"Sixth: * * * of the net revenues of the trust property * * I will, devise and bequeath to my beloved son, Malnor A. Shumard, one-third thereof for and during his natural life; but at his death, * * *.

"And one-third of said net revenues shall be paid in equal proportions to my above named Granddaughters—the sole heirs of my deceased daughter, Carrie Shumard Carden, share and share alike, during their respective lives; but at their respective deaths * * *.

*"And the other or remaining one-third of said net revenues of the trust property shall be paid to my said adopted daughter for and during her natural life, and at her death then to the beneficiaries of her will if she shall have left a valid will which shall be duly probated, —otherwise to her lineal descendants, if any.* But if she shall thus die intestate and without leaving lineal descendants, then her portion shall revert to my estate and be distributed among the surviving beneficiaries of this my will as herein provided.

"Seventh:

*At the termination of the trust here created* then it is my will, and I so direct that the trust property and all proceeds thereof in possession of the Trustee and all rights under any then existing lease of *the trust property shall be partitioned and divided among the then surviving beneficiaries of this my will, as follows:*

"One-third to the beneficiaries of the will of my said son, Malnor, * * *.

"One-third, share and share alike, to the respective beneficiaries of the respective wills of my said granddaughters * * *.

*"The remaining one-third to the beneficiaries of the will of my said adopted daughter if she shall have left a valid will which shall be duly probated, otherwise to her lineal descendants, if any; but if she shall have died intestate and without leaving any lineal descendants,* then her portion shall revert to my estate and be distributed among the surviving beneficiaries of this my will, share and share alike.

* * * * * *

"/Signed/ Mrs. Belle Shumard
(Italics added.) Testatrix".

This suit involves the ⅓ interest in the revenue and corpus devised by Belle Shumard to her adopted daughter, Virginia Wilkes. Belle Shumard died in 1923, and the trustee paid Virginia Wilkes ⅓ of the net revenue from the trust until her death on June 2, 1960. Virginia Wilkes died intestate, after which the Trustee paid her only child, Robert S. Wilkes, ⅓ of the net revenue from the trust until his death on September 6, 1969. Robert S. Wilkes left a will bequeathing his wife Margaret A. Wilkes ½ interest in his estate, and his sons Robert L. Wilkes and Gerald M. Wilkes the other ½ interest.

Plaintiffs' contentions 1 and 3, assert the trial court erred in holding that under Belle Shumard's will, Robert S. Wilkes did not acquire a vested interest in the ⅓ of the income of the trust; and could not make a testamentary disposition thereof.

 Belle Shumard's will left real property to her trustee for the life of her son, her three granddaughters, and her adopted daughter, and provided that during the period of the trust "the net revenues shall be distributed among the beneficiaries as hereinafter provided."

"And the * * remaining one-third of said net revenues * * shall be paid to my said adopted daughter (Virginia Wilkes) for and during her natural life, and at her death then to the beneficiaries of her will if she shall have left a valid will * *—otherwise to her lineal descendants, if any * *."

Virginia Wilkes thus had the right to designate by will who should receive the ⅓ of the net revenues of the trust after her death. Had she left a will, such would have vested in her beneficiary ⅓ of the net revenues of the trust. But she did not leave a will, and at her death on June 2, 1960 the trustee commenced paying such ⅓ of the net revenues to her only child Robert S. Wilkes, who was her lineal descendant. Robert S. Wilkes was paid ⅓ of the net revenues of the trust until his death on September 6, 1969. He left a will devising ½ of his estate to his wife, plaintiff herein, and ½ to his two sons who are defendants herein. If the interest received by

Robert S. Wilkes from his mother in the revenues of the trust was a vested interest he had a right to dispose of it by will, and plaintiff is entitled to ½ of such ⅓ interest; if it was not a vested interest he could not dispose of it by will, and Robert S. Wilkes' two sons are entitled to such ⅓ of the revenues as lineal descendants of Virginia Wilkes.

The will does not specifically say what kind of estate Robert S. Wilkes received.

Article 1291 Vernon's Ann.Civ.St. provides: "Every estate in lands which shall * * * be * * * devised * * * shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been * * devised by construction or operation of law."

And if it does not clearly appear from the language of a will that a lesser estate was intended to be created the devise will be deemed to be in fee simple. Pritchett v. Badgett, Tex.Civ.App., Er.Ref., 257 S.W.2d 776.

And where a will contains a provision that upon a certain contingency an estate given to one shall pass to another, the law favors the first taker, and the testator's language shall be construed so as to grant such taker the greatest estate which, by fair construction, it is capable of passing. Hancock v. Butler, S.Ct., 21 Tex. 804; Darragh v. Barmore, Com.App., 242 S.W. 714; Roberts v. Drake, Tex.Civ.App., NRE, 380 S.W.2d 657. See also Frame v. Whitaker, S.Ct., 120 Tex. 53, 36 S.W.2d 149.

Upon the death of Virginia Wilkes, her son and lineal descendant, Robert S. Wilkes, acquired ⅓ interest in the net revenue without stated limitations. Under the authorities cited he acquired a vested interest in same which he could devise by will.

Contentions 1 and 3 are sustained.

Contentions 2 and 4 concern distribution of the corpus of the trust.

█ The will provides Virginia Wilkes' ⅓ of the corpus go to the beneficiaries of her will "otherwise to her lineal descendants if any; but if she shall have died intestate *and without having any lineal descendants,* then her portion shall revert to my estate * *".

Virginia Wilkes died intestate, but she did not die without leaving any lineal descendants. Robert S. Wilkes was her lineal descendant at her death, and we think under the authorities cited under contentions 1 and 3 that equitable title of Virginia Wilkes ⅓ of the corpus vested in Robert S. Wilkes at her death. It is true that legal title was in the Trustee, and would remain there until the termination of the trust, but the cestui que trust is the real owner of the property and the trustee is merely the depository of legal title. 37 Tex.Jur.2d p. 411.

Contentions 2 and 4 are sustained.

The judgment is reversed and judgment rendered decreeing Margaret Wilkes entitled to ½ of ⅓ of the net income from said trust from September 6, 1969; and decreeing Robert L. Wilkes and Gerald M. Wilkes entitled to ¼ each of ⅓ of such net income from September 6, 1969; and decreeing Margaret Wilkes a vested equitable interest in ½ of ⅓ of the corpus of the trust; and decreeing Robert L. Wilkes and Gerald M. Wilkes a vested equitable interest in ¼ each of ⅓ of the corpus of the trust.

Reversed and rendered.