**James BARROWS, et al., Appellant,**

v.

**Charles G. EZER, et al., Appellee.**

No. B14–83–332CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 22, 1984.

Rehearing Denied April 19, 1984.

Samuel D. McDaniel, Austin, Sam W. Davis, Jr., Thomas D. McGown, Vinson & Elkins, Houston, for appellant.

Mark Owen, Ernest F. Bogart, Owen, Jones & Bogart, Elgin, Richard A. Peebles, Reid, Strickland, Gillette & Elkins, Baytown, James Patrick Smith, Bradford Wright, Houston, for appellee.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

■ This appeal involves the construction of a will. Appellants are the residuary legatees (Barrows, Bledsoe, Seymour, McDaniel.) The Protestant Episcopal Church Council of the Diocese of Texas has filed a brief as an appellant. However, since there is no notice of appeal nor appeal bond filed on its behalf, it is not properly before this court. Appellees are the devisees (Charles G. Ezer, Leroy Ezer, and Floyd Williams) and the independent executor of the estate of the decedent (Williams). At issue is the effect of a disclaimer by devisee, Charles Ezer, and the propriety of the trial court's striking a limitation to a grant under terms of the will. Additionally, appellees (Ezers) assert the appeal is frivolous, for which they are entitled to damages. By crosspoint they contend the trial court erred in failing to award them attorney's fees. We affirm.

Winifred Adair Canada, the deceased, left a will which provided in Item Third:

"To the beloved friend of my late husband, who has assisted me greatly in the maintenance and conservation of my properties and estate, CHARLES G. EZER, should he survive my death, or if not, to his son, LEROY EZER, I give, devise, and bequeath all of the tracts of realty and improvements thereon situated, together with all livestock, farming and ranching equipment and machinery, and forage, of which I may be seized and possessed at the time of my death, comprising the 'Canada Ranch' in Chambers County, Texas; provided, however, that said ranch shall be held intact by said devisees and known and operated as the 'Canada Ranch' and the livestock thereon shall bear the recorded brand of George Ray Canada and Winifred Adair Canada for the full term of twenty-five years."

(A codicil to the will devised certain stocks and bonds to Charles Ezer and Floyd Williams. Though contested in the trial court, this appeal does not involve the codicil.) Upon the' death of Mrs. Canada, Charles G. Ezer filed a disclaimer, the pertinent part of which provided:

"I hereby disclaim all interest whatsoever in the property described in said Item Third.

This disclaimer is irrevocable and unqualified; and, it is intended to comply with Section 2518 of the Internal Revenue Code and Section 37A, Probate Code, Vernon's Annotated Texas Statutes and should be construed to comply with those statutes."

Concerning Item Third, the judgment of the trial court provides:

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Item Third of the Will of Winifred Adair Canada does not violate the Rule Against Perpetuities. It is further ORDERED, ADJUDGED and DECREED with regard to Item Third in the Winifred Adair Canada Will that the hereinafter quoted language is an unreasonable restraint on alienation and use and is contrary to the public policy of the State of Texas and

further the hereinafter quoted language should be and is hereby disregarded by the court pursuant to Article 1291b V.A. C.S., said language being to-wit:

"... provided, however, that said ranch shall be held intact by said devisees and known and operated as the 'Canada Ranch' and the livestock thereon shall bear the recorded brand of George Ray Canada and Winifred Adair Canada for the full term of twenty-five years."

It is therefore ORDERED, ADJUDGED and DECREED that the above quoted language be and the same is hereby stricken and held for naught.

 Appellants combine for argument their first three points of error attacking the action of the court, as set out above. Specifically, they contend the referenced provision of the will is in violation of the rule against perpetuities and that the court was in error in striking the quoted language from the will. We do not agree. The bequest, in terms of, "I give, devise and bequeath," immediately vested a fee simple estate in Charles G. Ezer upon the death of the testatrix. *Frame v. Whitaker,* 120 Tex. 53, 36 S.W.2d 149 (1931). Once title vests, it is immaterial that full possession and enjoyment of the property is postponed beyond the period of a life or lives in being and twenty-one years. *Rekdahl v. Long,* 417 S.W.2d 387 (Tex.1967). The trial court correctly followed the rule adopted by Texas courts that favors the vesting of estates at the earliest possible moment. *Rekdahl, supra.*

 We also agree that the trial court correctly found the attempted restraint on alienation to be void and ordered the clause stricken. The rule against perpetuities has no relationship to restraints on alienation. If the provision of the will violated the rule against perpetuities, it would be void from the beginning, but that is not true where alienation has merely been restrained. *Kelly v. Womack,* 153 Tex. 371, 268 S.W.2d 903 (1954). If the terms of the will create a prohibited restraint, that limitation may be stricken without voiding the effect of the will. *Kelly, supra; Frame, supra; Kitchens v. Kitchens,* 372 S.W.2d 249 (Tex.

Civ.App.—Waco 1963, writ dism'd). We overrule these points of error.

In their fourth point of error, appellants contend the trial court erred by giving effect to the disclaimer filed by Charles G. Ezer, as above described. The trial court judgment, in that respect, provides:

It appearing to the Court and the Court finding that the effect of the Disclaimer filed in the probate of this Estate by CHARLES G. EZER was to cause the interest of Winifred Adair Canada in the Canada Ranch and other assets described in Item Third of the Winifred Adair Canada Will to vest in LEROY EZER as of the date of her death on June 14, 1978, it is ORDERED, ADJUDGED and DECREED that title to said property vested in LEROY EZER on June 14, 1978.

 Appellants do not attack the disclaimer itself. Their contention is that the disclaimer permitted Leroy Ezer, a "contingent beneficiary," to become a beneficiary without the necessary contingency having occurred. Again, we do not agree. Appellants' argument is in derogation of the plain provisions of TEX.PROB.CODE ANN. § 37A (Vernon 1980), which provides:

A disclaimer evidenced as provided herein, shall be effective as of the death of decedent and the property subject thereof shall pass as if the person disclaiming or on whose behalf a disclaimer is made had predeceased the decedent....

To support their position, appellants rely upon *Re Waring's Will,* 293 N.Y. 186, 56 N.E.2d 543 (1944). However, as appellees point out, that case was decided long before New York's disclaimer statute was enacted. No logical argument has been advanced as a reason for the trial court to refuse to follow the plain mandate of Section 37A, and we hold it properly did so. These points are overruled.

By crosspoint, appellees (Ezers) contend the trial court erred in failing to award them attorney's fees. They rely upon the Uniform Declaratory Judgments Act, TEX. REV.CIV.STAT.ANN. art. 2524–1, § 10 (Vernon Supp.1982–1983), which states that

"[I]n any proceeding under this Act the Court may make such award of costs and reasonable and necessary fees as may seem equitable and just." Appellees acknowledge that Section 2 limits application of Section 10 to actions filed on or after the effective date of the Act, i.e., May 25, 1981. However, they argue that "a declaratory action was not commenced or filed" until August 10, 1982, when parties were named and declaratory relief "on disclaimer, apportionment and the rule against perpetuities" was made. The will in question was admitted to probate on July 24, 1978. On June 25, 1980, a petition entitled "FIRST AMENDED ORIGINAL PLEADINGS OF INTERVENORS OR CONTESTANTS" was filed, pleading *inter alia* forgery, undue influence, duress, and the rule against perpetuities as to Item Third of the will. The petition named no parties nor was service of citation requested or served. Some two years later (July 22, 1982), Charles G. Ezer intervened. Subsequently, Leroy Ezer and another devisee answered. Still later (August 10, 1982), plaintiffs amended their petition naming the attorney general as a party.

While the trial court found substantial "reasonable and necessary" attorney's fees on the declaratory judgment aspects of the case, (both for the trial court and on appeal), it denied the Ezers recovery. The judgment is silent as to the reason for such denial. Such denial could have been predicated upon a finding that (1) the suit was "filed" prior to the effective date of the act or (2) an award of attorney's fees would not be "equitable and just." We cannot say the finding by the trial court of an amount of reasonable and necessary attorney's fees necessarily dictates an implied finding that the act did not apply. Given the state of the record, there is no trial court ruling preserved for our review. Appellees' (Ezers) crosspoint is overruled.

Finally, by counterpoint, appellees (Ezers) strenuously argue this appeal is frivolous and they are therefore entitled to damages under Tex.R.Civ.P. 438. It may well be argued that the appellate courts are too reluctant to find appeals to be frivolous and, accordingly, award damages. Nevertheless, much of the basis for the Ezers' claim is based upon the proceedings in the trial court. They urge us "to look back into the record in this regard not because a remedy for a frivolous trial is sought but in the hope that the Court will come to appreciate how badly our legal system has been used at every stage of this litigation." "This appeal," they argue, "is just one more delay tactic." This issue has caused us much concern. While we believe a finding that the appeal is frivolous could be made on the record before us, we think the remedy too harsh. Appellees' (Ezers) counterpoint is overruled.

The judgment is affirmed.