VINCENT SOTEK *et al.* Appellees, *vs.* ANTONIA SOTEK *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. HOMESTEAD—*when question where widow lives is not material.* If the widow is given, in lieu of dower, the entire estate in the homestead premises until the youngest child attains majority, at which time the remainder is to go to a certain person provided he will make specified payments to the widow and others and allow the widow the use of two rooms in the house, it is immaterial where the widow lives during the minority of the youngest child or during the time when it is uncertain whether the person named to take the remainder will accept the devise subject to the conditions, as she is entitled to enjoy the premises in person or rent the same during that time.

2. SAME—*when homestead right of widow attaches.* Where a will gives the entire estate in the homestead premises to the widow until the youngest child attains majority, at which time the remainder is to go to a certain son if he will pay the widow a specified sum per month and allow her the use of two rooms in the house, but no other disposition is made of the remainder, the remainder becomes intestate estate when the person designated refuses to accept the devise, and the homestead right of the widow thereupon attaches to the property and she is entitled to such estate unless she subsequently abandons the premises.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

OTTO L. STEISKAL, (LEWIS EDWARD DICKINSON, of counsel,) for appellants.

SIMON P. GARY, MICHAEL LYONS, and CASWELL & HEALY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question in this case is whether Antonia Sotek, one of the appellants, has an estate of homestead in the property known as 707 Jefferson street, in the city of Chicago.

It arose on a bill for partition filed in the superior court of Cook county by appellees against appellants, and the answers thereto, claiming the estate, and it was decided against the claim. The property was improved with a two-story residence and up to March 4, 1884, was owned by Anton Sotek, the husband of said appellant, who died on that date, leaving a last will and testament. He had been twice married, and two children of the first marriage, Vincent Sotek and Anton Sotek, survived him, and, with Elizabeth Sotek, wife of the son Anton Sotek, were the complainants. He also left the appellant Antonia Sotek, his widow, and four children of his marriage with her,—Annie, Josephine, John and Jennie. It is not necessary to complicate the facts of the case with statements of the subsequent marriages, divorces and deaths which occurred among the children of the second marriage, but the widow and her children or their heirs were the defendants. By his will Anton Sotek devised to his widow, Antonia Sotek, all his real estate until the youngest child (Jennie) should have arrived at full age, in consideration of said widow taking good and proper care of and securing a proper education for their minor children and taking care of the real estate without waste, permissive or commissive, and the devise was to be in lieu of dower. When the youngest child should arrive at her majority the real estate was to be vested in the testator's son John in fee simple, on condition that he should pay to the widow at the beginning of each month, in advance, the sum of $15 and give her the occupancy of two suitable rooms in the brick house No. 707 Jefferson street, and pay to each of the other children then living, or to the issue of any who had died leaving issue, the sum of $500, and in case one or more of the children should die without issue, the amount that would be due was to be equally divided among the surviving children or the issue of deceased children. If John refused to accept the devise of the remainder upon the conditions imposed, or should die without

issue before the time when the remainder would vest, then the son Anton was to be substituted for him, but if John left issue surviving, then his issue was to take his place.

The premises were occupied as a homestead, and the widow, to whom an estate was given until the youngest child should reach her majority, continued to occupy them, and on August 1, 1892, she was married to Joseph Cerveny, who obtained a divorce from her in 1904. She occupied the premises with her husband until about October 25, 1893, when she rented the house and moved to another house on Aberdeen street near Sixty-ninth. The defendant Antonia Sotek and her divorced husband, Joseph Cerveny, were the witnesses who testified where they lived during their absence from the homestead and the length of time they were away, and it is impossible to determine from the conflicting dates given by him, and from all the testimony, the periods during which they lived in different places. During that time they lived in the house already referred to, on Aberdeen street, and in another house across the alley on the same street, and in a house in the same block on May street between Sixty-ninth and Seventieth streets, and they also lived three or four months in a house owned by Cerveny, in the same neighborhood. She testified that the house was practically on the prairie, and being empty he was afraid the children would break the windows, and they moved there until it could be rented again. She did not acquire a homestead in his property, which was rented all the time except when occupied by them until it could be rented again, so that there is no question about her having two homesteads. When it was rented they moved to another place and lived there a few months until she could get possession of her homestead, when they moved into it. She had possession by tenants while they were absent, and rented the up-stairs to a Slavonian and the first floor to a saddler. She went out to work and paid the rent of the houses they occupied, except when they were in his house.

All the work he did in three years was to build a sidewalk at the place on Aberdeen street. The whole time of their absence was somewhere from two to three years. After returning to the homestead they lived there until she wearied of wedded life and turned him out of doors, about 1899, and she never left the premises. He obtained a divorce on October 31, 1904. In October, 1905, she was married to Joseph Uhlir, and obtained a divorce from him on a charge of cruelty on December 20, 1907, and then resumed her name of Antonia Sotek. The bill alleged that Jennie Sotek, the youngest child, became of full age about March 1, 1896. John Sotek refused to accept the devise of the remainder upon the conditions imposed, and Anton Sotek, who was to be substituted for him, also refused it.

The will of Anton Sotek gave to his widow, the defendant Antonia Sotek, the entire estate in the premises up to the time when the youngest child, Jennie, reached her majority. It is immaterial where she lived or what she did up to that time, but she enjoyed her estate either in person or by renting the property to tenants. When Jennie became of age John Sotek had an election, under the will, whether he would take the remainder on condition that he was to pay $15 in advance each and every month to the defendant Antonia Sotek and give her two suitable rooms in the dwelling house and make the payments to the other children. He refused to take the remainder, and Anton, who was to be substituted for him, also refused to accept it. The will made no further provision as to the remainder and it became intestate estate. If the remainder had been accepted by either John Sotek or Anton Sotek, the defendant Antonia Sotek would have received $15 a month in advance and the right to occupy two rooms and would not have had a homestead in addition, but under the decree she neither took what the will provided for her nor what the law gave her. She could not take the provision made in the will unless John or Anton accepted the remainder sub-

253 — 20

ject to the conditions imposed, but when it became intestate estate the homestead right attached. The estate until Jennie became of age was in lieu of dower, but the one provision that would have been in lieu of homestead became ineffective. No question of an abandonment of a homestead could arise during the period when she had the entire estate and when it was uncertain whether the remainder would be accepted subject to the conditions in her favor. There was no evidence tending to show an abandonment of her right and estate after the refusal to accept the remainder.

The decree is reversed and the cause remanded.

*Reversed and remanded.*