In the Matter of the Will of ARTHUR B. WARING, Deceased. CORNELIA H. LESLIE et al., Appellants; MATTEO SPALLETTA, as Special Guardian for PAUL W. McCABE, an Infant, Respondent.

Submitted June 7, 1944; decided July 19, 1944.

*Jesse Hoyt* and *James N. Vaughan* for appellants. I. A testamentary devise or bequest is an offer to the beneficiary and the gift does not vest until accepted. (*Albany Hospital* v. *Albany Guardian Society,* 214 N. Y. 435; *Helvering* v. *Grinnell,* 294 U. S. 153; *Matter of Lansing,* 182 N. Y. 238; *Matter of Johnston,* 164 Misc. 469; *Matter of Wolfe,* 89 App. Div. 349, 179 N. Y. 599; *Matter of Clarkson,* 137 Misc. 741; *Lehr* v. *Switzer,* 213 Ia. 658; *Matter of Merritt,* 155 App. Div. 228.) II. As the bequest to the primary remainderman has not vested, the secondary or alternate bequest to appellants should take effect in order to carry out the general plan of the testator's will. (*Williams* v. *Jones,* 166 N. Y. 522; *Albany Hospital* v. *Albany Guardian Society,* 214 N. Y. 435; *Matter of Jacob,* 165 Misc. 280; *Ranken* v. *Janes,* 1 App. Div. 272; *Matter of Selner,* 261 App. Div. 618, 287 N. Y. 664; *McLean* v. *Freeman,* 70 N. Y. 81; *Matter of Fordham,* 235 N. Y. 384; *U. S. Trust Co.* v. *Hogencamp,* 191 N. Y. 281.)

*Matteo Spalletta,* special guardian for Paul W. McCabe, an infant, respondent. In his will, testator specified the one and only event on the happening of which he desired the descendants of Cornelia B. Hoyt to take. The only meaning which is implicit in the language used by the testator is that he did not wish those descendants to take unless the stated event occurred. Concededly, that event did not occur. If, under the guise of construction, the renounced portion of the legacy is to pass to the **descendants** of Cornelia B. Hoyt, the result will mark **a** depart-

ure from the well-established principle that a court may construe a will but it may not construct a new one, even for the purpose of avoiding intestacy.

RIPPEY, J. Arthur B. Waring died July 2, 1932, leaving him surviving as his only heirs at law and next of kin his widow, three sisters, one brother, the descendants of a deceased sister and the descendants of a deceased brother. His will, giving every evidence of being a carefully prepared instrument and disposing of a large estate, was admitted to probate on September 2, 1932. Letters testamentary were issued to the executors therein named who immediately qualified and entered upon the discharge of their duties as such. Later, letters of trusteeship of the several trusts created by the will were duly issued to them and as such they entered upon and continued to exercise their duties. The record fails to disclose that any accounting proceeding of their transactions as executors or trustees was pending at the time of the Surrogate's order of November 4, 1943, or that any such proceeding by or against them had ever been instituted.

By the terms of the will the entire residuary estate was put in trust for the use of the wife of the testator for life. Upon her death, the testator directed distribution of the remainder of his estate, after various legacies were paid therefrom and certain minor trusts were set up for the benefit of donees other than appellants, to his three sisters, Janet Waring, Susan B. Waring and Cornelia B. Hoyt, in equal shares. He provided, however, that in the event that any one of his sisters should die before the death of his widow leaving descendants her surviving, the share which would otherwise have gone to her should pass to her descendants in equal shares *per stirpes* but, if she should leave no descendants, such share should pass upon the death of his wife in equal shares to the survivor or survivors of the three named sisters. The provisions of the will by which such disposition of his residuary estate is made are specific, clear and unambiguous.

The widow died April 23, 1942. Prior to that date, Janet Waring died without leaving descendants and the devise and bequest of a one-third share of the residue of the estate lapsed and became a part by the terms of the will of the estate passing to Susan B. Waring and Cornelia B. Hoyt, the surviving sisters of the deceased, in equal shares. Susan B. Waring and Cornelia

B. Hoyt were each living at the death of the widow and were the only persons, except certain specific donees other than appellants, to whom any part of the residuary estate was bequeathed and devised. Accordingly, upon the death of the widow the entire net residuary estate of the deceased became vested in possession and enjoyment in Susan B. Waring and Cornelia B. Hoyt in equal shares.

It is said that the share therein of Cornelia B. Hoyt amounts to about $250,000. The purported renunciation by her is of a portion of the gift amounting to $600 and she says she desires to reserve the right to accept or renounce the balance of the gift. Whether the gift consists wholly of realty or wholly of personalty or in part of both, we are not advised. There is no other bequest or devise to Cornelia B. Hoyt contained in the will. The gift in question is inseparable and is presumed to be beneficial and accepted and accordingly vested. Nothing to the contrary was decided in *Albany Hospital* v. *Albany Guardian Society* (214 N. Y. 435, 440, 443). It was there said that " while there is a presumption of acceptance in the case of a grant or devise beneficial on its face, this presumption is not conclusive, and it is settled beyond any opportunity for controversy that a devisee may refuse to accept, and renounce a provision in his favor and prevent it from being effective." The question of whether under circumstances such as are here involved a renunciation or disclaimer can be made of a mere modicum of an inseparable gift or of a part thereof or must be made of the whole if it is to be of any legal effect at all, we reserve to a time when the question is properly raised upon a record adequately presenting the question and our determination of it is necessary to a decision of the case.

This proceeding was brought by the three children of Cornelia B. Hoyt under section 145 of the Surrogate's Court Act to procure a construction of the will such as would require the trustees to pay to them in equal shares the renounced part of the residuary estate on the theory that they were substitutional legatees and devisees under the will. A gift may be said to be " substitutional " only where the testator provides in his will that someone will take the gift in the event of the original beneficiary dying before the period of distribution (69 C. J., Wills, § 1356). One taking by substitution can take

only under the terms of the will (*Graham* v. *Graham*, 66 Penn. St. 477) subject to the same conditions as are attached to the original gift. Substitutional donees were named in the will in the event of the death of Mrs. Hoyt before the death of the widow. That event did not occur. If aid should be given to the petitioners by the court, it would effectually thwart the purpose of the testator. Mrs. Hoyt may, perhaps, reject her brother's bounty. To accomplish that, she cannot say *for her brother*, at her own election, that he extended that same bounty to her children to whom she may wish the property ultimately to pass without the burdens resting upon them as her heirs and legatees attached. The test is, could those children take at the death of the widow under any contingency if their mother was then alive? The answer is, "No." The gift was specifically to Mrs. Hoyt, their mother, and not to them. Neither the mother nor the courts could make a new will for the testator by some act of the mother alone.

The effect of the decision below may result in the testator dying intestate as to the part of his estate Mrs. Hoyt has undertaken to renounce (*Wright* v. *Wright*, 225 N. Y. 329, 340). It cannot be presumed that the testator contemplated renunciation of the gift by Mrs. Hoyt and whether he should die intestate by her act cannot enter into or affect a construction of the will. We need not therefore pause to give any consideration to the rule that a testator is presumed not to have intended to die intestate. The legal effect of the attempted renunciation if it had any validity at all is not a necessary part of a decision of this case.

Only by parties interested under the will of a testator may construction be sought. The Surrogate properly dismissed the proceedings since the petition showed on its face that the petitioners were not interested parties within the meaning of section 145 of the Surrogate's Court Act.

The order should be affirmed, with costs to the respondent payable out of the fund.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed, etc.