Millard L. Midonick, S.
This is an application by a contingent remainderman for an extension of time to file a renunciation and for a determination of the effect of the renunciation.
Article Fifth of the will provides a residuary trust for the benefit of the testator’s daughter, Margaret M. Partridge, and his wife, Felicie Waldo Howell Mixter, to terminate on the death of the survivor of them. Felicie died in 1968. Margaret Partridge is still alive and is the remaining life beneficiary. The will provides that upon the death of Margaret the principal shall be distributed one half, but not less than $500,000 in further trust for public, charitable and educational uses and the balance to the petitioner, a "nephew Samuel A. Galpin, if he be then living, and if not, then to his issue then living in equal shares, per stirpes. ” The principal of the trust is $2,500,-000.
Petitioner Samuel A. Galpin desires to renounce his interest *291 for estate and gift tax purposes and to have it pass to his issue.
The first question concerns the timeliness of a renunciation. While a renunciation under EPTL 3-3.10 must be made within one year after the will is admitted to probate the time to file and serve such renunciation under that section may be extended in the discretion of the Surrogate upon a showing of reasonable cause (EPTL 3-3.10 subd [a]). The one-year requirement in the statute appears to be geared to renunciation of present interests. This court is of the opinion that the rule should be somewhat relaxed where future interests are involved. In any event where future interests are involved the court has discretion to extend the one-year time limit. All necessary parties have consented to the extension in the instant case. Prior to the enactment of that statute the law in New York provided that the renunciation had to be made within a reasonable time (Matter of Wilson, 298 NY 398; Oliver v Wells, 254 NY 451).
What is the reasonable time varies with the circumstances of each case. The time may be very long if injury to others will not result (Matter of Wilson, supra). Although no case has been found in New York, it appears from certain authorities and from case law in other jurisdictions that where contingent future interests are involved a renunciation need not be made until termination of the preceding estate. The reasonable time requirement may not in effect begin to run until the interest is indefeasibly fixed both in quality and quantity (Keinath v Commissioner of Internal Revenue, 480 F2d 57; Seifner v Weller, 171 SW2d 617 [Mo]; Matter of Page, 113 NJ Super 582; Dare v New Brunswick Trust Co., 122 NJ Eq 349, 6 BoweParker: Page on Wills, § 49.8). A beneficiary should not be required to exercise his judgment at the date of the testator’s death, in such a serious matter as renunciation of a remainder interest. The reasonable time requirement should not commence until the date of the life income beneficiary’s death. At that time the remainderman would be in a position to know or obtain knowledge as to the amount and nature of the gift and its consequences on his then financial condition. In the instant case the reasonable time period has not commenced since the life income beneficiary is still alive, and no injury will result to others as a result of the renunciation. The extension of time to file the renunciation by the contingent remainderman is therefore approved.
*292 The question of the effect of renunciation may be answered at this time without violating the rule in Matter of Mount (185 NY 162). The determination is requested so that petitioner may effectively plan his estate. In many cases, an elective renunciation or disclaimer becomes an important element of flexibility in posthumous estate planning. (Cf. Rohan, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, 1974-1975 Pocket Part, EPTL 3-3.10, pp 47-48.) This is an adequate reason for the court to act at the present time, especially since all parties have appeared in the proceeding and consented to the relief requested (Matter of Coster, NYLJ, March 20,1967, p 17, col 4).
There would be no question of the effect of the renunciation if EPTL 3-3.10 were applicable. Under that statute the petitioner would be deemed to have predeceased the testator with the result that the remainder interest would pass to his issue under the terms of the will. (Cf. Matter of Fordham, 235 NY 384.) Under that section the renunciation is viewed as the equivalent of the natural death of the person renouncing. However, the will herein was probated March 5, 1947 resulting in the question of whether the new statute is applicable. (Matter of Schloessinger, 70 Misc 2d 206; Matter of Klosk, NYLJ, Feb. 14, 1973, p 21, col 1.) In Matter of Kiosk (supra), it was held that EPTL 3-3.10 did not apply to estates of decedents who died prior to November 3, 1971, the effective date of the statute. However, the statute does not expressly negate a retroactive effect.
Prior to the enactment of the statute, the Court of Appeals dealt with a substantially similar question in Matter of Waring (293 NY 186). In that case the residuary estate was left in trust for the use of the wife for life and upon her death, to decedent’s sisters, in equal shares. Testator provided that in the event that one of his sisters should die before the death of his widow leaving descendants her surviving, the share which would otherwise have gone to her should pass to her descendants in equal shares per stirpes. Mrs. Hoyt, one of the sisters who with her three children survived the widow, renounced a small portion of the gift to her. A proceeding was brought by her children for a construction requiring the trustees to pay to them the renounced part of the legacy on the theory that they were substitutional legatees and devisees under the will. The Court of Appeals held that the children were not interested parties. It stated (p 190): "Substitutional donees were named *293 in the will in the event of the death of Mrs. Hoyt before the death of the widow. That event did not occur.” The renounced portion passed in intestacy in that case.
The decision in Waring (supra) seems unduly harsh especially since the testator provided for a gift over. It does not appear ever to have been followed in an analogous case. Rather as suggested by petitioner the courts are seeking more to uphold gifts by implication. (Cf. Matter of Thall, 18 NY2d 186; Matter of Haber; 281 App Div 383, affd 306 NY 706; Matter of Selner, 261 App Div 618, affd 287 NY 664.)
In Rohan, New York Civil Practice (vol 9, § 4-1.3 [4] n 16), Professor Rohan in discussing Waring (supra) suggests that "[i]n the future, courts may reach the conclusion that a renouncing legatee or devisee should be treated as predeceasing, bringing the lapse statute into play, relying on EPTL 4-1.3 as an analogous situation in which the renouncing distributee is treated as predeceasing.” Now that EPTL 3-3.10 has been enacted it would seem that the Legislature has expressed its dissatisfaction with the reasoning of Waring and has in effect overruled it at least with respect to matters controlled by that statute.
The courts of certain other jurisdictions are in accord with the effect of this new statute. The testator in Matter of Page (113 NJ Super 582, supra), provided for a life estate for his wife with remainders over in equal shares to his two daughters, or, in the event either was dead at the termination of the life estate, then to such persons as his daughters should appoint, and in default of appointment to the daughters’ issue. Following the death of the wife the two daughters renounced their remainder interests, seeking to accelerate the interests of their issue. The will therein as in the instant case was silent about possible renunciation of benefits by the beneficiaries. The New Jersey court analogized the situation presented to one where the life income beneficiary renounces and is treated as having died with the result that the vested remainder interests are accelerated. The court stated (p 587): " Tt is the most natural presumption that a testator would desire the fund or estate to go, on the termination of a life estate by some cause other than the life tenant’s death, in exactly the same way as if the termination had been caused by the life tenant’s death.’ ” That court determined that the principles concerning a voluntary termination of a life estate are "equally applicable” to the renunciation or disclaimer of a *294 contingent remainder interest and stated (p 588): "To ask how a testator would have disposed of his property if he had anticipated that his wife might reject or surrender a life estate is essentially like asking how a testator would have disposed of his property if he had anticipated that his daughters might disclaim remainders provided for them in his will. In both situations the real inquiry is addressed to the testator’s intent.” It further noted (p 588) that in searching for intent "courts will ascribe to the testator, those impulses which are common to human nature, and will construe the will so as to effectuate 'those impulses.’ ” In carrying out the probable intent and to avoid intestacy the will was construed to make the testator’s bequests to issue of each of his daughters effective upon disclaimer as well as in the event of death. The reasoning of Page was followed in the case of Wilmington Trust Co. v Carpenter (315 A2d 625 [Del]). In that case the settlor provided that income from trusts was to be paid to his wife during her life and that on her death income was to be paid to settlor for life and on termination of the trust the principal was to be paid to the settlor’s children if living or if not to their issue. By subsequent directive and in order to prevent the possibility of reversion of the trust property to his estate, the settlor provided that a charitable foundation was to receive the principal in the event there was no one else entitled to receive it. The trust terminated with the wife’s death and two of the settlor’s children filed renunciations of their interests. The court held that it was settlor’s intent to benefit his family and that the remainder interests of their children were accelerated and that this portion of the principal did not pass to the charitable foundation. The court in that case attempted to distinguish Matter of Waring (293 NY 186, supra) by reason of the fact that it concerned a renunciation of small part of the estate but in effect it rejected the holding of Waring. (See, also, Keinath v Commissioner of Internal Revenue, 480 F2d 57 supra.) The reasoning of these cases seems to be based upon an implied intent of the respective testators to benefit those named in the will to take the contingent remainders if the prior interest is terminated by renunciation. The New York State Legislature has similarly expressed its judgment in this regard as to the usual and normal intention of persons executing wills. (See, also, Uniform Probate Code, § 2-801; Uniform Disclaimer of Transfers by Will, Intestacy or Appointment Act, § 3.) While this intent appears to conflict with the strict interpretation of the Court *295 of Appeals in Waring, it reflects the public policy of this State at the present time and should be applied even though the statute itself may not be expressly retroactive. Statutory policies can be imputed beyond their express terms, if the practical effects are consistent with the reason for the legislation. No constitutional questions are presented. (Cf. Matter of Schloessinger, 70 Misc 2d 206, supra.) Applying the legislative intent underlying the new statute, would be proper in this case. If the reasoning of Waring is applied the gift would pass in intestacy to the decedent’s two distributees, his wife and daughter. The wife has died and the residuary beneficiaries of her estate are the issue of petitioner, the very persons who benefit from the renunciation if petitioner’s construction is correct. The daughter, the remaining distributee, is alive and consents to the requested relief.
In any event as distinguished from Waring it appears from the general testamentary pattern herein that aside from his wife and daughter the testator intended to provide a benefit to petitioner and his issue. It was obviously his intent to provide a benefit to the petitioner’s issue if petitioner was in any manner, whether voluntary or involuntary, prevented from taking the gift.
The court determines that the effect of a renunciation by petitioner is as if he had predeceased the testator. (Cf. EPTL 3-3.10.)
The court has not been furnished a copy of the executed renunciation. A decree will be signed in accordance herewith following submission of a copy of the executed renunciation by petitioner.