ESTATE OF OLIVE RUTH SWENSON, DECEASED, SUE SWENSON STUBBEMAN AND SHERRON SWENSON HARVILL, CO-EXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2932-74.    Filed November 4, 1975.

---

[6] N.Y. Est., Powers & Trusts sec. 9-2.1 (McKinney 1967).

*David G. Stubbeman,* for the petitioners.
*John D. Copeland,* for the respondent.

OPINION

DRENNEN, *Judge:* Respondent determined a deficiency in Federal estate tax for the Estate of Olive Ruth Swenson in the amount of $20,678.13. The only issue for decision is whether the estate is entitled to a marital deduction under section 2056, I.R.C. 1954, which is a question of Federal law, but which in turn depends to a large extent on the effect of a disclaimer filed by decedent's husband, which is a question of State law.[1]

This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts with the exhibits attached are incorporated herein by this reference. A summary of the pertinent facts is as follows.

The petitioners are the coexecutrixes of the Estate of Olive Ruth Swenson, deceased, and at the time of filing the petition herein were residents of the State of Texas.

Olive Ruth Swenson (hereinafter referred to as the decedent) died a domiciliary of Tarrant County, Tex., on June 17, 1970. Decedent died testate, and her will, executed June 27, 1967, was admitted to probate, and letters testamentary were granted to petitioners herein, on July 13, 1970, by the Probate Court of Tarrant County, Tex. The will contained the following provisions:

Article I directed that all decedent's just debts be paid as soon as practicable.

Article II stated as follows:

It is my purpose, desire and intention to dispose of, and there is disposed of in this will, my one-half of the property held in community with my husband, W. G. SWENSON, JR., and also any and all separate property I may own, or to which I may be entitled at the time of my death.

---

[1] All section references are to the Internal Revenue Code of 1954, effective in the years in question, unless otherwise indicated.

An increased deficiency in the amount of $128 claimed by respondent by amended answer resulting from the inadvertent omission of 10 shares of stock in the estate tax return has been conceded by petitioner by stipulation.

Article III bequeathed all of decedent's jewelry and wearing apparel to her two daughters.

Article IV bequeathed $500 cash to an employee.

Article V bequeathed $500 cash to a friend.

Article VI provided as follows:

I give, bequeath and devise all the rest and residue of my property, wherever situate, whether real, personal or mixed, whereof I may die seized or possessed, or to which I may be entitled at the time of my decease, unto my husband, W. G. SWENSON, JR.

Article VII appointed decedent's two daughters as coexecutrixes of the will.

Article VIII provided as follows:

However, notwithstanding anything above to the contrary, in the event my said husband should predecease me or die at approximately the same time I die, or should he die within 30 days after my death, then I give, bequeath and devise all of my said property to my beloved daughters, SHERRON SWENSON WEAR and SUE SWENSON STUBBEMAN, share and share alike.

In the event that either or both of my daughters should predecease me, or die at approximately the same time I die, or should either or both die within 30 days after my death, then, it is my desire that their surviving child or children shall take their mother's share per stirpes and not per capita.

Article IX provided for an alternative executor in the event both daughters were unwilling or unable to act.

Article X provided that the personal representatives of the estate—

shall act free and independent of the County Court or Probate Court, without bond or other security, and I direct that no other action shall be had in the County or Probate Court except to prove or to procure admission of this my will and to file statutory inventory, appraisement and list of claims.

Decedent was survived by more than 30 days by her husband, W. G. Swenson, Jr. (hereinafter Swenson), and by her two daughters named above. On July 13, 1970, Swenson executed a document which will be referred to herein as a disclaimer, which disclaimer was filed in the Probate Court of Tarrant County, Tex., on or about July 13, 1970. The document bore the heading "In Re: Estate of Olive Ruth Cox Swenson, Deceased" and read as follows:

I, W. G. Swenson, Jr., sole beneficiary of the residuary estate under the will of Olive Ruth Cox Swenson, do hereby completely and unqualifiedly refuse to accept ownership of the property transferred to me under the will of Olive Ruth

Cox Swenson. I have not previously accepted ownership of any property under the will of Olive Ruth Cox Swenson.

Petitioners filed a Federal estate tax return for the estate of Olive Ruth Swenson on September 15, 1971, with the Director, Internal Revenue Service Center, in Austin, Tex. On Schedule O of the estate tax return a deduction in the amount of $115,643.63 was claimed for "Bequests, etc., to surviving spouse," which amount was less than 50 percent of the gross estate reported on the return.

On April 3, 1974, respondent mailed a statutory notice of deficiency in estate tax to petitioners in the amount heretofore mentioned. Several adjustments were made which are not here in dispute. In the notice of deficiency respondent also determined "that the marital deduction claimed in the amount of $115,643.63 is not allowable to the extent of $114,562.21 because under the terms of the decedent's will and a disclaimer, no property passed to the surviving husband." [2]

Petitioners have made no distributions of the corpus of the Estate of Olive Ruth Swenson but have made partial distributions of income. Such income distributions have been made equally to W. G. Swenson, Jr., Sherron Swenson Harvill (formerly Sherron Swenson Wear), and Sue Swenson Stubbeman.

No litigation has been commenced to contest, set aside, or construe the will of the decedent, or to determine the distribution of property owned by the decedent at the time of her death under the terms of her will, the disclaimer filed by her surviving spouse, or the law of Texas.

Section 2056(a) of the Federal estate tax law, provides as follows:

For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his

---

[2] The marital deduction claimed on the return was computed by taking one-third of the value of certain shares of stock owned by decedent as her separate property, adding thereto the proceeds of a life insurance policy owned by decedent under which Swenson was the beneficiary and deducting therefrom the taxes payable out of those properties. The difference in the amount of the marital deduction claimed on the return and the amount disallowed in the notice of deficiency apparently results from allowance of a marital deduction for the proceeds of the insurance policy.

In the notice of deficiency respondent also recognized that the estate might be entitled to an additional credit for State inheritance taxes, which should be taken into consideration in the Rule 155 computation.

surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

Subsection (c) is not relevant to the discussion herein. Subsection (b), which provides limitations in case of life estates or other terminable interests, provides in part as follows:

(1) * * * Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed * * * from the decedent to any person other than such surviving spouse * * *; and

(B) if by reason of such passing such person * * * may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse * * *

Subsection (d)(1) provides as follows:

If under this section an interest would, in the absence of a disclaimer by the surviving spouse, be considered as passing from the decedent to such spouse, and if a disclaimer of such interest is made by such spouse, then such interest shall, for the purposes of this section, be considered as passing to the person or persons entitled to receive such interest as a result of the disclaimer.

The last sentence of subsection (e), "Definition," reads as follows:

Except as provided in paragraph (5) or (6) of subsection (b) [not here relevant], where at the time of the decedent's death it is not possible to ascertain the particular person or persons to whom an interest in property may pass from the decedent, such interest shall, for purposes of subparagraphs (A) and (B) of subsection (b)(1), be considered as passing from the decedent to a person other than the surviving spouse.

These provisions of the Federal taxing statutes require that for an estate to be entitled to a marital deduction an interest in property, which is included in the gross estate, must pass from the decedent to the surviving spouse, and that such qualifying interest cannot be a life estate or other terminable interest. The purpose of these provisions is to assure that any property owned by the spouse first to die which is not taxed in his or her estate will pass to the surviving spouse in such manner that it will be taxable in the estate of the surviving spouse unless he or she disposes of it before his or her death. *Estate of Michael G. Rudnick,* 36 T.C. 1021, 1022 (1961), and cases cited therein.

Subsection (d) also specifically provides that if a disclaimer is filed by a surviving spouse, who would otherwise receive an interest in property from the decedent spouse, then such interest

shall be considered as passing to the persons entitled to receive such interest as a result of the disclaimer. Placed as it is in the statute, this provision could be interpreted to imply that the effect of a disclaimer by the surviving spouse is to make the interest such spouse would otherwise have received a terminable interest which passes from decedent to another person. But even if we accept such interpretation, it does not necessarily answer our question because it is not yet clear who is entitled to receive such interest as a result of the disclaimer. If as petitioners claim, the effect of the disclaimer is to nullify any bequest of the residuary estate so that the surviving spouse will take one-third of personal property in the residuary estate under the statute of descent and distribution it can hardly be said that an outright interest in that part of decedent's estate did not pass from decedent to the surviving spouse.

The same argument can be made from an analysis of the last sentence of subsection (e), quoted above, which provides that if at the time of decedent's death it is not possible to ascertain the particular persons to whom an interest in property may pass from the decedent, such interest shall, for purposes of subparagraphs (A) and (B) of subsection (b)(1), be considered as passing from the decedent to a person other than the surviving spouse. However, since this provision is limited in its application to subparagraphs (A) and (B) of subsection (b)(1) we believe it was intended to be used only to complete the requirements of subsection (b)(1) for disallowance of a marital deduction for an interest in property passing to the surviving spouse which is a life estate or a terminable interest. We do not believe it was intended to mean that in any situtation where at the time of decedent's death it is impossible to ascertain the particular persons to whom an interest in property may pass from the decedent, it will be considered as passing to someone other than the surviving spouse, thus, without more, defeating the marital deduction. If it is determined sometime after the time of decedent's death that, despite the disclaimer, an interest in property which is not a life estate or a terminable interest passes from decedent to the surviving spouse, we believe such interest would qualify for the marital deduction unless disqualified for some other reason.

We are thus unable to determine from the provisions of the Internal Revenue Code alone whether this estate is entitled to a marital deduction. We must first determine the effect on the

devolution of decedent's residuary estate of the disclaimer filed by decedent's husband. Both parties agree that this must be determined under State law and, despite the language of section 2056(d)(1), we agree. If, as a result of a disclaimer, W. G. Swenson, Jr., is not entitled to receive any qualifying interest in decedent's estate the estate is not entitled to a marital deduction.[3]

Petitioners contend that since, under Article VIII of the will, the residuary estate is given to decedent's two daughters only in the event that decedent's husband predeceased her or died within 30 days after her death, neither of which events occurred, the effect of Swenson's disclaimer is to make ineffective any disposition of the residuary estate under the will and consequently the residuary estate passes under the Texas law of intestate succession set out in section 38(b) of the Texas Probate Code. Respondent, on the other hand, contends that (1) the disclaimer effectively renounced any interest of the disclaimant in any and all property which might pass pursuant to decedent's will and (2) that under the law of Texas the effect of the disclaimer was that the disclaimant is deemed to have predeceased decedent and all property passing pursuant to the will passes to the persons named in the will to take in the event the primary claimant predeceases the testator; therefore no property passed from the decedent to the surviving spouse and no marital deduction is allowable.

The parties have cited various cases decided by the lower courts of Texas and by courts of other States in support of their positions[4] but neither party has cited any cases decided by the Supreme Court of Texas which are in any way dispositive of this issue. Thus under the rule of *Commissioner v. Estate of Bosch,* 387 U.S. 456 (1967), we must attempt to put ourselves in the place of the Supreme Court of Texas and decide this issue in a manner we think it would decide the issue. This does not mean

---

[3] Since decedent's will disposed of only her separate property and her one-half of the community property and made no attempt to dispose of any part of her surviving husband's community estate, we need not concern ourselves with the uncertainties of Texas law requiring surviving spouses to elect whether to take benefits given under the will or his or her rights at law. See "The Widow's Election—A Study in Three Parts," by Cecil A. Ray, Jr., 15 Sw. L. J. 85 (1961).

[4] *Munger v. Munger,* 298 S.W. 470 (Tex. Civ. App. 1927); *Sotek v. Sotek,* 253 Ill. 302, 97 N.E. 656 (1912); *Mercantile-Commerce Bank & Trust Co. v. Binowitz,* 238 S.W.2d 893 (Mo. Ct. App. 1951); *Estate of Riemcke v. Schreiner,* 497 P.2d 1319 (Wash. 1972). See also cases annotated in 157 A.L.R. 1104.

we cannot take into consideration the opinions of the lower courts of Texas and the courts of other States, but our perusal of the authorities cited convinces us that those cases were decided on particular facts and the circumstances there involved and do not enunciate any definitive rules for deciding the issue before us where the facts and circumstances are different.[5]

Section 37 of the Probate Code of Texas, Acts 1955, 54th Legislature, ch. 55, provides for the immediate vesting at the time of decedent's death of property passing under a valid will in the beneficiaries named therein or in the heirs-at-law of property passing by intestacy; but upon the issuance of letters testamentary or of administration of such estate, the executor or administrator shall have the right of possession of the estate to hold same in trust to be disposed of in accordance with law. Section 38 of the Texas Probate Code provides for the devolution of the estate of a decedent who dies intestate, one-third of the personal estate and a life estate in one-third of the realty passing to the surviving spouse, if any, and the balance of the personal estate and a remainder interest in the realty passing to the children of decedent and their descendants.

At the time of this decedent's death the Texas Probate Code made no provision for the effects of a disclaimer by a beneficiary of an estate on the devolution of decedent's estate, although shortly after this decedent's death the Texas legislature did enact such a provision which would be dispositive of this case, if applicable.[6] However, since we do not find that section to be

---

[5] In *Sotek v. Sotek, supra,* the court found that a disclaimer by one of the beneficiaries caused the decedent to die intestate as to that property disclaimed. However, no alternative residuary beneficiaries were named in decedent's will; *Estate of Riemcke v. Schreiner, supra,* presented a situation where the testatrix had specifically disinherited her spouse and in accordance with her expressed intent the court reasoned that a disclaimer filed by the named residuary beneficiaries should not cause property to pass to the spouse under the intestacy laws; and both *Munger v. Munger, supra,* and *Mercantile-Commerce Bank & Trust Co. v. Binowitz, supra,* involved situations where the respective surviving spouses elected against the will to take their statutory entitlements and were thereby held to cause the acceleration of possession of future interests in said property which were conveyed by the decedent's will.

[6] The Texas legislature, in 1971, enacted sec. 37A, Texas Prob. Code, which provides in pertinent part:

"Any person who may be entitled to receive any property under any will of or by inheritance from a decedent and who intends to effect disclaimer irrevocably of the whole or any part of such property shall evidence same as herein provided. A disclaimer evidenced as provided herein, shall be effective as of the death of the decedent and the property subject thereof shall pass as if the person disclaiming had predeceased the decedent unless decedent's will provides otherwise."

This provision, if applicable, supports the position taken by respondent and would

applicable, we must decide the issue without the benefit of statutory law.

The question is whether, because of the disclaimer, the provisions made by decedent in her will for disposition of her residuary estate became totally ineffective so that the residuary estate passed as though decedent died intestate with respect thereto, or whether the effect of the disclaimer was simply to make inoperative the provisions made for the disclaimant in the will so that the residuary estate passed as otherwise provided in the will in the event the disclaimant predeceased decedent. We believe the latter interpretation must prevail.

It is a cardinal rule of construction with regard to wills that the intent of the testator controls when it can be ascertained from a reading of the entire will, *Carr v. Rogers,* 383 S.W.2d 383 (Tex. 1964), and from the words used in making the will, *White v. Taylor,* 286 S.W.2d 925 (Tex. 1956). There is also a general presumption against intestacy where there is a will, and when a will is open to two constructions, the interpretation that prevents intestacy should be adopted. *Ferguson v. Ferguson,* 121 Tex. 119, 45 S.W.2d 1096 (Tex. 1931).

We believe it is clear from the terms of the decedent's will that she intended to dispose of her entire estate under the will. Article II, quoted above, so postulates. When Articles VI and VIII are construed together in the light of decedent's expressed desire to dispose of her entire estate under the will, it seems clear that decedent intended that her residuary estate go to her surviving spouse if he survived her and received the estate, but in the event the surviving spouse did not receive the residuary estate, it was to be divided equally between her two daughters, and their surviving children if either daughter predeceased her. The fact that the will made provision for alternate beneficiaries in the event the primary beneficiary did not take under the will adds weight to our conclusion that decedent intended to dispose of her entire estate under the will.

We recognize that it can be argued that decedent intended her residuary estate to pass to her surviving spouse if he survived her for 30 days and that only if he did not survive her for 30 days did

---

require us to disallow the marital deduction. However, we find no legislative history which indicates that this provision was either intended to be applied retroactively or was a codification of existing Texas law.

she intend that the residuary estate go directly to her two daughters. We also recognize that there are some cases that would support this interpretation of decedent's intent and construction under the will.[7] However, we believe this interpretation is inconsistent with decedent's expressed intent to dispose of all her property under the will.

The residuary estate comprised almost all of decedent's estate; only two small amounts were specifically bequeathed in the will. So to accept petitioner's contention as to the effect of the disclaimer would be to permit the disclaimant to make ineffective the major portion of decedent's will. Here, it can be argued that this would not be too disruptive of the testator's scheme for distribution of her estate because one-third of the personal estate would pass to her surviving spouse and the balance to her daughters outright under section 38 of the Probate Code, but we have a broader issue than that. Should a primary beneficiary under a will (which provides for alternative beneficiaries) be in a position to completely nullify the testator's provisions for disposition of the property bequeathed to the beneficiary by disclaiming under the will? We believe not. See *Munger v. Munger,* 298 S. W. 470 (Tex. Civ. App. 1927). Under other circumstances it might be very advantageous for the beneficiary to take his share under the statute rather than the interest left to him under the will. We believe the correct treatment of a disclaimer is that accorded it in the recently enacted section 37A of the Texas Probate Code, i.e., to treat the disclaimant as having predeceased the decedent, with respect to the property interest disclaimed, and that the Supreme Court of Texas would so conclude. In such event the residuary estate would pass under the will to decedent's two daughters subject to any statutory rights Swenson might have therein. We cannot agree with petitioners' argument that Swenson's disclaimer under the will resulted in a complete lapse of the disposition of the residuary estate under the will so that it will pass intestate.

There is a difference between the situation where property of a decedent must be considered as passing intestate because decedent made no effective disposition of that property in the will, and the situation in which the decedent makes a complete disposition of the property in the will but another person, the

---

[7] See *Volkmer v. Chase,* 354 S.W.2d 611 (Tex. Civ. App. 1962); *In re Waring's Will,* 293 N.Y. 186, 56 N.E.2d 543 (1944).

primary beneficiary, makes that disposition at least partially inoperative by disclaiming or renouncing after decedent's death. We do not believe a primary beneficiary should be allowed to disrupt the testator's testamentary scheme for distribution of her estate by disclaiming under the will, thus taking complete dominion over the disposition of decedent's estate out of decedent's control. We believe that the Supreme Court of Texas would agree with us that the effect of a disclaimer by a beneficiary under a will is to treat the disclaimant as having predeceased the decedent so that the estate of the decedent will pass as otherwise provided in the will if such alternative provision is made in the will. See *Munger v. Munger, supra; Estate of Riemcke v. Schreiner,* 497 P.2d 1319 (Wash. 1972). Under paragraph VIII of the will here involved, it is clear that the testator intended the residuary estate to pass to her two daughters in the event her husband predeceased her.

We realize that under the law of most noncommunity property States, a surviving spouse may elect to take against the will and take his distributive share of the deceased spouse's estate under statutes of descent and distribution, see *Grace M. Parker,* 62 T.C. 192 (1974); *Isaac Harter, Jr.,* 39 T.C. 511 (1962), and that if Swenson had so elected, the result would have been about the same as petitioners claim here. Such an election would not disrupt decedent's testamentary plan for devolution of her estate. Her residuary estate would pass under the will to her two daughters on the assumption that Swenson had predeceased decedent. But this assumption would not preclude Swenson from claiming whatever rights he might be entitled to under law in decedent's separate estate.

We have found no provision in the Texas Probate Code specifically permitting a surviving spouse to elect to take a statutory share of the deceased spouse's separate estate or establishing a procedure therefor, and petitioners do not make such an argument. It is our impression gained from our own research that under Texas law a surviving spouse does not have the right to take an interest in the separate property of his deceased spouse who dies testate. *Singleton v. St. Louis Union Trust Co.,* 191 S.W.2d 143, 148 (Tex. Civ. App. 1945), and cases cited therein. But even if such right exists under Texas law, we have no evidence that Swenson intended to or did or will make such election. Nor does the record show that Swenson will ever actually take

any part of decedent's estate. Normally an election by a surviving spouse to take his or her distributive share requires some affirmative act evidencing such intent on the part of the surviving spouse within a relatively short time after the decedent's death. The only evidence we have of Swenson's intent is his disclaimer. It is true that in his disclaimer he refuses to accept only property transferred to him under the will, and this might not preclude him from taking a share of decedent's separate estate under the law if so permitted. But if he did intend to take against the will it would seem that an expression of such intent would normally be included in the disclaimer. In answer to a question on Schedule M of the estate tax return, it is indicated that the surviving spouse had renounced the will and elected to take a dower, curtesy, or statutory interest. However, Swenson did not sign the return and furthermore the way the question was posited, it would probably have to be answered in the affirmative if there had been only a renunciation but no election. Consequently, we assume Swenson could still refuse to accept any part of decedent's property regardless of how this case is decided.

Section 2056(a) provides for a marital deduction only with respect to value of any interest in property which passes from decedent to a surviving spouse. Under Article X of decedent's will and sections 145-154 of the Texas Probate Code the executrixes of decedent's estate may make their own determination of how the residuary estate shall be distributed without the necessity of obtaining the approval of the Probate Court since Swenson and his two daughters are not adversary parties. This would permit distribution of the residuary estate to the daughters even though we should decide that the estate was entitled to the marital deduction. Under such circumstances, we believe petitioners have the burden of proving that an interest in decedent's property has or will actually pass to Swenson. The record does not present any such proof.

It is our conclusion that there is no certainty in law or in fact that any interest in decedent's property will pass to her surviving spouse and that the Texas Supreme Court would agree with this conclusion. We therefore find that the estate is not entitled to the marital deduction in excess of the amount allowed by respondent.

In view of our uncertainty concerning the tax effect of other adjustments made by respondent in the notice of deficiency,

*Decision will be entered under Rule 155.*