OPINION OF THE COURT
John D. Bennett, J.
This is a proceeding "to determine the validity and effect of a written renunciation” by the surviving spouse of 50% of all real property located in Greece devised to her as part of a legacy in article third of the will.
 The matter has been preliminarily submitted for a decision as to whether it should be entertained by the court. While the SCPA contains no proceeding to "determine the validity and effect of a renunciation”, if it can be broadly interpreted to be a construction proceeding, the petition must show "the necessity for the construction” (SCPA 1420) and it must be entertained by the court in order to avoid the determination of questions that may be academic (see, e.g., Matter of Mount, 185 NY 162). In the same vein, there should be some showing of the necessity for a determination of the validity and effect of a renunciation (Matter of Mixter, 83 Misc 2d 290).
Article third of the will gives all tangible personal property, all real property, any co-operative apartment, and any condominium to the surviving spouse. She now seeks to renounce only one half of all realty located in Greece in order to take advantage of favorable tax laws there, which would follow, if the renunciation vests the renounced realty in her daughter, the beneficiary of the nonmarital share of the residuary. To demonstrate the necessity for this proceeding, the executrix alleges that the Greek authorities require an order from this court. The proceeding will accordingly be entertained, and since jurisdiction is complete, a final determination will be made.
The question primarily presented is whether the attempted renunciation of a specific item given to the beneficiary is effective in New York. As to partial renunciations, the underlying study of the Commission on Estates and the initial renunciation statute itself (formerly EPTL 4-1.3, subd [d], covering intestate renunciations only) made it clear that while a renunciation could not be made as to a particular asset, there could be a partial renunciation limited either to a fractional or dollar amount. Professor Semerad in the above *1110 report of the Commission on Estatés, at page 258, stated: "Where selection among testamentary provisions is permissible, the courts may feel compelled to determine whether such selection is consistent with testator’s intent, as discerned from the terms of the will. The outcome of this analysis usually depends upon whether the court thinks that it is fair to let the legatee pick and choose.” (Third Report of Temporary State Comm on Estates.)
It was not until 1971 that provisions covering renunciations of testamentary dispositions, an area left uncovered by the Commission on Estates, was enacted into law (former EPTL 3-3.10, repealed as of Aug. 11, 1978). This section, while generally tracking the previous statute covering intestate renunciations, did contain some noticeable differences especially in regard to partial renunciations. While as noted above, former EPTL 4-1.3 specifically prohibited "a fractional renunciation limited to specified items of the decedent’s property”, which is the object sought to be achieved here, former EPTL 3-1.10 had no such express provision. It permitted a renunciation in whole or in part (EPTL 3-3.10, subd [a]) as well as sanctioning acceptance of one testamentary provision, and the renunciation of another (EPTL 3-3.10, subd [d]). It would accordingly appear that under former EPTL 3-3.10 renunciation of a fractional interest in a specific item was valid. Since the decedent’s death occurred on July 11, 1978, exactly one month before the effective repeal date of 3-3.10, that section is applicable and not new section EPTL 2-1.11, which repealed both EPTL 3-3.10 and 4-1.3 consolidating and expanding both former sections. One disturbing feature, however, of the current statute, particularly in light of the facts here, is the carryover of the intestate renunciation statute’s prohibition against renunciation of a specific item. This seems to have been an afterthought tacked on as the last sentence of subdivision (e) of EPTL 2-1.11. Since the first sentence of subdivision (e) permits a beneficiary to accept one disposition and renounce another (as in former EPTL 3-3.10), the direction that a "specified item” may not be renounced may create interpretation problems as to the distinction between "one disposition” and a "specified item”. Excising the limitation as to specified items would leave the statute less rigid and enable the court to determine the equities.
While the renunciation here is valid, the effect of the renunciation presents another problem. A renunciation under *1111 both former and present statutes has the same effect as if the renouncing person had predeceased the testator. Since the devise of Greek realty is a preresiduary legacy, its lapse caused by the surviving spouse’s presumed death requires its disposition as part of the residuary estate. Article fifth provides for a fractional marital deduction bequest for the surviving spouse and her renunciation specifically states that the Greek realty is not to be available for her under the provisions of article fifth. However, to insure a full marital deduction an adjustment will presumably have to be made by paying an amount equal in value to the renounced property from the residuary estate to the surviving spouse. The petitioner, who is the daughter and sole residuary beneficiary of the estate, has filed a statement in which she acknowledges and consents to the payment to the surviving spouse of sufficient funds from the residuary estate to assure a full marital deduction.