T.C. Memo. 1996-109

UNITED STATES TAX COURT

ESTATE OF RALPH M. NIX, SR., DECEASED, RALPH M. NIX,
JR., PERSONAL REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4117-93.                Filed March 7, 1996.

<u>Frederick W. Schwendimann III</u>, for petitioner.

<u>Pamelya P. Herndon</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:  Petitioner is the Estate of Ralph M. Nix, Sr.

Respondent determined a deficiency of $191,061 in petitioner's

estate tax.  After stipulations and concessions,[1] the issue for

---

[1]    Petitioner and respondent stipulated the following values of
                                                (continued...)

decision is whether petitioner is entitled to a marital deduction in the amount claimed. More specifically, we must decide what effect the surviving spouse's qualified disclaimer had on the amount of the marital deduction.

The parties submitted this case fully stipulated under Rule 122.[2] The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. Ralph M. Nix, Sr. (hereinafter decedent), was a resident of Artesia, New Mexico, on the date of his death, on September 4, 1988. At the time of the filing of the petition, personal representative Ralph M. Nix, Jr. (decedent's son), resided in the State of New Mexico.

Decedent died testate. The will provides for four bequests: The first bequest provides for the disposition of tangible personal property, the second bequest provides for a specific

_____

[1](...continued)
assets (without regard to community property deduction) listed on Schedules A and B of decedent's estate tax return:

| Asset | Value |
|---|---|
| Working interest wells | $215,558 |
| Royalty interest wells | 285,484 |
| 3500 shares of Ralph M. Nix Oil, Inc. | 113,282 |
| Rolex watch | 3,550 |
| Gentlemen's ring | 7,650 |

[2] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect as of the date of decedent's death, unless otherwise indicated.

disposition of a residence and furniture to decedent's wife

(Frances Nix), the third bequest provides for a pecuniary

disposition qualifying for the marital deduction, and the fourth

and final bequest provides for a disposition of the residuary

estate to decedent's son.  Furthermore, decedent directs his

personal representative to pay debts and expenses of the estate

and taxes on the estate out of assets of the estate.

The marital deduction bequest provides:

If she survives me for more than 30 days, I bequeath to my
wife the smallest amount of the assets of my estate that
qualify for the marital deduction as will result in the
lowest federal estate tax being imposed upon my estate,
after allowing for the unified credit, and any other credits
and deductions allowable to my estate.  In making the
computations necessary to determine the amount of this gift
and bequest, the final determination for federal estate tax
purposes shall control.  In the sole power and discretion of
the personal representative, the payment of this amount may
be made wholly or partly in cash or property as selected by
the personal representative;  provided, however, that all
such property so selected shall be valued at the value
thereof as finally determined for federal estate tax
purposes in my estate;  provided further, that in exercising
this power and discretion, the personal representative shall
first allot to this gift and bequest the more liquid and
salable assets of my estate;  and provided further, that in
no event shall there be included in this gift and bequest
any asset or the proceeds of any asset (a) which does not
qualify for the marital deduction for federal estate tax
purposes, or (b) with respect to which any estate or death
taxes are paid to any foreign country or any of its
possessions or subdivisions, or (c) with respect to which
any tax credit or deduction shall be available because it
shall be subject to both federal estate and federal income
tax.  Notwithstanding anything herein to the contrary, the
personal representative, in making distributions wholly or
partly in property, in order to implement this gift and
bequest, shall distribute to my wife assets, including cash,
fairly representative, on the date or dates of
distribution, of appreciation or depreciation in the value

of all property available for distribution in satisfaction of this gift and bequest. [Emphasis added.]

On June 2, 1989, Frances Nix (the surviving spouse) executed a partial disclaimer and renunciation of her interest in certain property that passed to her under the will.  The description and value of the properties disclaimed by the surviving spouse are as follows:

| | |
|---|---:|
| Office storage and carpet | $25,150 |
| Pipe storage yard | 300 |
| Working oil and gas interests | 107,779 |
| Oil and gas royalty interest | 142,742 |
| Nonproducing mineral properties | 60,082 |
| Nonproducing federal leases | 25,372 |
| Nonproducing state leases | 9,498 |
| Surface lands | 23,748 |
| Total | 394,671 |

The value of the gross estate as of the date of decedent's death was $1,594,496.  Due to a taxable gift made by decedent prior to his death, the unified credit available to decedent's estate as of the date of decedent's death was $192,300 instead of $192,800, as provided by section 2010(a).  The dollar equivalent of the $192,300 unified credit was $598,649.  Deductions fixed as of the date of decedent's death and reported on Schedules J and K of decedent's estate tax return were $163,304 and $1,182, respectively.[3]  The State death tax credit available to decedent's estate is $15,636, and the dollar equivalent of the

---

[3]     Respondent concedes that other deductions will be allowed to petitioner for reasonable administrative expenses incurred in connection with the trial of the case and expenses pursuant to N.M. Stat. Ann. sec. 45-3-916 B. (Michie 1993 Repl.).

State death tax credit as of the date of decedent's death was $42,260.

In her notice of deficiency, respondent increased decedent's gross estate to include certain real estate, stocks and bonds, miscellaneous property, and the amount of property disclaimed by the surviving spouse. The question presented is whether the disclaimer had the effect of decreasing the marital deduction, and thereby increasing decedent's gross estate, or whether the disclaimer merely resulted in a substitute of certain property for other property, and thereby had no impact on the amounts of the marital deduction or the taxable estate.[4]

Respondent contends that to give effect to the disclaimer, the surviving spouse's interest in decedent's estate must be reduced by the value of the disclaimed property. Petitioner asserts that the calculation of the marital deduction must be made after taking into effect the disclaimer. By calculating the marital deduction in this manner, the disclaimed property will become part of the estate and will be used to fund the residuary

---

[4]    The dispute in this case can best be understood with the help of the following example:

Assume a decedent died with an estate of $1 million, of which $400,000 was in stock and the balance of $600,000 in cash. The trustee distributes the $400,000 in stock to the surviving spouse and lets the $600,000 cash fall into the residue, to take advantage of the unified credit. The surviving spouse disclaims the stock. The Government argues that no marital deduction is allowable, whereas the estate argues that $400,000 of the cash can be given to the surviving spouse as a substitute for the stock, leaving the marital deduction intact.

bequest, which is to be an amount that will take advantage of the unified credit and any other estate tax credit available to petitioner. (We shall refer to this sheltered amount as the credit equivalent.) Petitioner argues that since the disclaimed property was in an amount less than the credit equivalent, the disclaimer had no effect upon the amount of the pecuniary marital devise or upon the marital deduction.

In general, section 2056(a) provides, in pertinent part, as follows:

> the value of the taxable estate shall * * * be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

If a surviving spouse disclaims an interest in property passing to such spouse from a decedent, the efficacy of the disclaimer will be determined by section 2518 and the corresponding regulations. Sec. 20.2056(d)-1, Estate Tax Regs. Under section 2518, if a qualified disclaimer is determined to have been made by the surviving spouse, then for purposes of subtitle B--dealing with estate and gift taxes--the property interest disclaimed is treated as if it had never been transferred to the surviving spouse. Sec. 2518(a); sec. 25.2518-1(b), Gift Tax Regs.; see

generally H. Rept. 94-1380, at 65-68 (1976), 1976-3 (Vol. 3) C.B. 738, 799-802.[5]

A qualified disclaimer requires an irrevocable and unqualified refusal by a person to accept an interest in property.  Sec. 2518(b); Estate of Monroe v. Commissioner, 104 T.C. 352 (1995); see also Brown v. Routzahn, 63 F.2d 914 (6th Cir. 1933); sec. 25.2518-1(a)(1), Gift Tax Regs.  The theory behind the use of disclaimers, as long reflected in the common law, is that a person should never be forced to accept the burdens of ownership of property without his or her consent. Towson v. Tickell, 106 Eng. Rep. 575, 576-577 (K.B. 1819).  The consequence of treating the disclaimed property interest as if such interest had never been transferred to the surviving spouse is that the disclaimant is not considered to have made a transfer and thereby avoids any resulting gift or generation-skipping tax

---

[5]    The parties have stipulated that to the extent local law is applicable in this case, reference shall be made to the laws of the State of New Mexico.  New Mexico law provides in pertinent part:

> Unless the decedent or donee of the power has otherwise indicated by his will, the interest renounced, and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest renounced, passes as if the person renouncing had predeceased the decedent. * * * In every case, the renunciation relates back for all purposes to the date of death of the decedent or the donee, as the case may be. [N.M. Stat. Ann. sec. 45-2-801 C. (Michie 1983 Repl.)]

See DePaoli v. Commissioner, 62 F.3d 1259 (10th Cir. 1995), revg. T.C. Memo. 1993-577.

liability.  Sec. 2518(a); sec. 25.2518-1(b), Gift Tax Regs.; see also secs. 2046, 2654(c).  The parties concede that a qualified disclaimer was made.

The parties' disagreement lies in the calculation of the marital deduction as affected by the disclaimer.  Resolution of this dispute will require interpretation of the marital bequest in the will.  It is a cardinal rule of construction of wills that the intent of the testator controls.  Estate of Swenson v. Commissioner, 65 T.C. 243, 250 (1975).  Accordingly, we look to the precise wording employed by the decedent in his will.  Id. The most important matter to resolve is not what the decedent meant to say, but what is meant by what the decedent did say. Connecticut Junior Republic v. Sharon Hosp., 188 Conn. 1, 20, 448 A.2d 190, 194 (1982).  The words in decedent's will must be interpreted in light of their context with reference to the will in its entirety.  Estate of Swenson v. Commissioner, supra; see also Estate of Bruning v. Commissioner, 888 F.2d 657, 659 (10th Cir. 1989), affg. T.C. Memo. 1988-5.

The marital deduction clause in decedent's will is one that is commonly used in estate plans; it is a formula designed to take advantage of the credit equivalent.  The intent of the clause is to reduce or eliminate Federal estate taxes on the estates of both spouses.[6]  See generally Mulligan, "Drafting

---

[6]    This is accomplished by using the unified credit available
                                                    (continued...)

Marital Deduction Formula Clauses After ERTA to Achieve Maximum Tax Savings", 57 J. Taxn. 362 (1982).  The unusual aspect of this case is that the surviving spouse executed a disclaimer. Consequently, the effect of the disclaimer on the computation of the marital deduction must be considered.

Respondent contends that to give effect to the disclaimer, the surviving spouse's interest in decedent's estate must be reduced by the value of the disclaimed property.  Furthermore, respondent argues that this approach conforms with the intent of the testator.  In his will, the decedent specified that the amount passing to the surviving spouse shall be determined after taking into account all credits and deductions allowed to the estate, including the unified credit and the State death tax credit.  We agree with respondent's position.

Petitioner's argument seems to be based on the language of the New Mexico statute (see supra note 5) and section 2518, that the disclaimed property passes from the decedent as if the disclaiming person had predeceased the testator.  Therefore, petitioner argues, the calculation of the marital deduction must

---

[6](...continued)
to both spouses in their respective estates.  Accordingly, property equal in amount to the credit equivalent will pass to a beneficiary other than the surviving spouse from the estate of the first spouse to die and be disposed of tax free by reason of the unified credit.  The remaining property will pass to the surviving spouse tax free as a result of the marital deduction. Upon the surviving spouse's death, the property will pass tax free to the extent of the unified credit amount available to the surviving spouse.

be made <u>after taking into effect the disclaimer</u>. By calculating the marital deduction in this manner, the disclaimed property will become part of the estate and used to fund the residuary bequest in the amount of the credit equivalent.

Petitioner's argument is flawed. First, the statutory language providing that the disclaimant shall be treated as predeceasing the testator as to the disclaimed property does not deal with the issue at hand; i.e., the manner in which the marital deduction is to be computed after giving effect to such disclaimer. Section 2518 provides that if a person makes a qualified disclaimer of property, the property will be treated as if it had never been transferred to such person. Sec. 2518(a). Otherwise, the disclaimed property will be treated as a taxable gift "Since the practical effect of * * * [a taxpayer's] disclaimers [is] to reduce the expected size of his taxable estate and to confer a gratuitous benefit upon the natural objects of his bounty". <u>Jewett v. Commissioner</u>, 455 U.S. 305, 310 (1982); sec. 25.2511-1(c)(1), Gift Tax Regs.; see also sec. 25.2518-1(b), Gift Tax Regs.; 5 Bittker & Lokken, Federal Taxation of Income, Estates, and Gifts, sec. 129.2.3 (2d ed. 1993) (if a disclaimer does not qualify under section 2518, the property is probably treated as passing to the disclaimant, who then makes a gift of it to the taker as a result of the disclaimer).

Second, petitioner's argument makes the marital deduction formula circuitous. We interpret the marital bequest in the will as requiring the following calculation: Step 1--the credit equivalent would be determined; step 2--the marital bequest would be based on the excess of the gross estate over the credit equivalent. Under petitioner's approach, however, the calculation would be performed a second time to take into account, in funding the credit equivalent and the marital deduction, the property disclaimed by the surviving spouse. The effect would be to substitute one property for another in the marital bequest. However, we do not find authority for this in decedent's will.

The will provided the personal representative with the sole power to identify the property to be transferred in satisfaction of the pecuniary marital bequest. To hold for petitioner would be tantamount to giving the surviving spouse the power to pick and choose <u>which</u> property would be used to fund the marital bequest. This would violate the intent of the testator as stated in his will. Section 2518 contemplates a renunciation of a bequest of property, not the swapping of one property for another of equal value. See sec. 25.2518-2(d)(1), Gift Tax Regs. (receipt of consideration in return for making a disclaimer prevents the disclaimer from qualifying under the statute); see also <u>Estate of Monroe v. Commissioner</u>, 104 T.C. 352 (1995).

Accordingly, we hold that the disclaimer had the effect of reducing the amount of the pecuniary marital bequest and consequently the amount of the marital deduction, while increasing the amount of assets in the taxable estate.

To reflect the foregoing,

Decision will be entered
under Rule 155.